THE STATE *ex rel.* HARVEY, *Circuit Attorney, Appellant,*
v. MANNING.

84  661
127  253
84  661
152  518
152  520

**Justices of Peace:** VACANCY IN OFFICE. Where a vacancy occurs in the office of justice of the peace, the county court, or, in the city of St. Louis, the mayor, are authorized (R. S., sec. 2809 and 2805) to fill the vacancy by appointment, but the term of such appointment extends only until the next general election, and is not for the residue of the original term of the office.

*Appeal from St. Louis Circuit Court.*—HON. SHEPARD
BARCLAY, Judge.

AFFIRMED.

*E. A. B. Garesche* for appellant.

The whole spirit of the different provisions in relation to the office of justice of the peace, as they now exist upon the statute book, is to the express end and purpose that justices shall be elected or appointed for four years, and that where a vacancy occurs, it must be filled for the unexpired term of the former incumbent or "until the next general election of county officers at which justices of the peace can be elected." Cons., Art. vi, sec. 37; R. S., §§ 2805, 2807, 2809; *State ex rel. v. Ranson,* 73 Mo. 78. There is no such thing known to our law as an election of a justice of the peace for the term of two years, and as the election under which respondent claims title was not authorized by law, a judgment of ouster should be rendered.

No brief for respondent.

HENRY, C. J.—This is a *quo warranto* proceeding commenced in the circuit court of St. Louis against respondent, alleging that he had intruded himself into the

office of justice of the peace of the fourth district of the city of St. Louis, and asking a judgment of ouster against him. In his return to the writ Manning alleged that at the November election, 1882, one Patrick Farnell was duly elected justice of the peace of the fourth district, and qualified and entered upon the discharge of the duties of the office, but died on the third day of December, 1882, and on the twenty-ninth day of December, 1882, the mayor appointed Wm. S. Field to fill the vacancy until the next general election for county officers thereafter, and until his successor should be duly elected, commissioned and qualified, and that on the thirty-first day of December, 1882, said Field qualified and entered upon the discharge of the duties of the office. That on the fourth day of November, 1884, there was held in that district a general election for county officers, and also an election for a justice of the peace within and for said district. That at that election respondent received a majority of all the votes cast for that office and was duly declared elected, and on the thirteenth day of November was duly qualified and was by the mayor commissioned for a term of four years.

To this return relator filed a demurrer, which the court overruled, and relator refusing to plead further, rendered a judgment in favor of respondent. From this judgment of the circuit court relator has appealed.

Section 2809, Revised Statutes, provides that: "When a vacancy occurs in the office of justice of the peace, the county court of the county in which such vacancy occurs may supply the same by the appointment of some person competent and qualified, who shall hold his office until the next general election of county officers, and until his successor is elected, commissioned and qualified." The question in this case is whether the election held in that district in November, 1882, for a justice of the peace was authorized by law or not? It was clearly authorized by the section just quoted. When

Farnell died the mayor was authorized to appoint one to fill the vacancy, but had no right to commission him for four years. Farnell was elected in 1882, for four years, and but for his death there could have been no election in that district for a justice of the peace until November, 1886. But when a vacancy occurs, whether occasioned by death, resignation, or removal of the incumbent, an election is authorized to fill the vacancy at the next general election for county officers. Section 2807 has no application to this case. That required an election for justices of the peace to be held throughout the state in 1882, and expressly provided that justices then in office should continue to act as such, until their successors were elected and qualified, and no election prior to 1882 was authorized. In the *State v. Ranson*, 73 Mo. 78, Ranson was elected in 1876, and at an election in 1880 Chiles was elected to the same office, but this court held that the election at which Chiles was chosen was not authorized, and that Ranson was entitled to the office until a successor should be elected in 1882. And the same question was involved in the case of *The State ex rel. Circuit Attorney v. McCann*, 13 Mo. App. 588, which followed the decision in *The State ex rel. v. Ranson*. Those cases involved a different question from that presented here.

The latter clause of section 2807 applied to an existing state of things, and has ceased to be operative having accomplished all it was designed to effect. It continued in office justices of the peace who had been elected or appointed under the former law, until the election required by the first clause of the section, in 1882. It can have no application to any justice of the peace elected in 1882, or appointed subsequently.

The judgment is affirmed. All concur.