# CASES DETERMINED

IN THE

# ST. LOUIS AND THE KANSAS CITY
# COURTS OF APPEALS.

MARCH TERM, 1889.

---

J. P. HOUSTON, Respondent, v. MYRON WOOLLEY,
Appellant.

Kansas City Court of Appeals, May 20, 1889.

1. **Attachment:** MOTION TO QUASH. To an attachment proceeding on the grounds of non-residency of the defendant in aid of an action for damages for sending and publishing libellous and threatening letters, defendant made a special appearance and moved to quash the attachment on the grounds, ( 1 ) that the cause of action stated in the petition arose in tort and not upon debt or civil liability nor from the commission of any act or misdemeanor, and ( 2 ) that the petition did not state a cause of action, *Held,*

   (1) Said motion was properly overruled for the reason it did not in any way draw in question the regularity or sufficiency of the attachment proceeding.

   (2) That plaintiff was only required to file a good and sufficient affidavit, and had a right to select any other ground or grounds that existed, rather than the torts alleged in the petition, if he so desired.

   (3) That a special plea in abatement, thereupon filed, alleging substantially the same grounds as those set forth in the motion to quash, was properly stricken from the files on motion of plaintiff, because it did not put in issue the truth of the facts alleged in the affidavit nor affirmatively plead any abatable matter,

( 15 )

(4) That as to the plea to the jurisdiction next filed, denying the court's jurisdiction of the person and property of the defendant, the finding of the court against the defendant is presumed to be correct, in the absence of a showing to the contrary in the bill of exceptions. *Quaere:* whether such plea should not be treated as an answer.

2. **Pleading:** PETITION: SENDING THREATENING AND LIBELLOUS LETTER. Each count of the petition in this case, for sending and publishing threatening and libellous letters, is examined under an application of the rules laid down by the authorities, and found to contain sufficient statement of a cause of action.

3. **Judgment:** SPECIAL CHANGED TO GENERAL. As the trial court rendered a special judgment against the attached property, this court modifies the same so as to make it general.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED ( *as modified* ).

*William A. Wood*, for the appellant.

(1) Attachment cannot be grounded upon an action *ex delicto*, except where the injuries sued for grow out of the commission of a felony or misdemeanor, or for the seduction of a female, and only in these excepted cases because clearly defined by statute to be basis of attachment. The case at bar is an action of libel, and the only ground of attachment, alleged by plaintiff's affidavit, is the non-residence of the defendant. Non-residence is only ground for attachment in actions founded upon some actual existing indebtedness, and not in actions like this to recover unliquidated damages. Defendant's plea in abatement properly raised these issues, and it was error for the court to strike it out. *McDonald v. Forsyth*, 13 Mo. 549; *Bachman v. Lewis*, 27 Mo. App. 81; Drake Attach. [ 6 Ed. ] secs. 19, 13–32, 23–26 and 27*a*. (2) There was no personal service, and there being nothing on which to base the attachment, and no appearance to the merits

by the defendant, the trial court had no jurisdiction. Defendant had the right to make all the special pleas made, and did not thereby give the court general jurisdiction as held by the court on the plea to the jurisdiction. (3) Upon the record herein the trial court committed error in holding, upon the plea to the jurisdiction, that the court had jurisdiction of the property and "also of the person" of the defendant. There is shown neither service nor appearance to support such finding. (4) After finding that the court had jurisdiction of the person of the defendant, the court committed error in rendering a special judgment against the attached property. *Kritzer v. Smith*, 21 Mo. 296; *Borum v. Reed*, 73 Mo. 461; *Maupin v. Mining Co.*, 78 Mo. 24; *Payne v. O'Shea*, 84 Mo. 129. Under the law announced in *Phillips v. Stewart* (69 Mo. 149), the court committed an error in ordering the attached property sold after finding that the court had general jurisdiction and rendering a general judgment. (5) The petition of plaintiff fails to state a cause of action in either count; the first count fails to set out any of the matter complained of, and the matter set out in the second count is not actionable *per se*, and there is nothing to explain either count or apply the matter complained of to plaintiff. The special damage plead in first count does not cure the defects. *Legg v. Dunlevy*, 10 Mo. App. 461; s. c., 80 Mo. 558; *Wood v. Hilbish*, 23 Mo. App. 389; *Salvatelli v. Ghio*, 9 Mo. App. 155; *Christal v. Craig*, 80 Mo. 367; *Steineke v. Marx*, 10 Mo. App. 581, s. c., 8 Mo. App. 561; Odgers on Libel and Slander (Bigelow), secs. 118–19–20–21 and 473. (6) Defendant's plea in abatement presented issues which should have been heard and determined by the court on the trial of the attachment, and the court committed error in striking out said plea.

*Robinson, O'Grady & Harkless*, for the respondent.

(1) Actions *ex delicto* may be brought by attachment. R. S. 1845, p. 133, sec. 1 ; R. S. 1855, p. 238, sec. 1 ; R. S. 1879, p. 61, sec. 1 ; *Davidson v. Owens*, 5 Minn. 69 ; *Finly v. Bryson*, 84 Mo. 669. ( 2 ) If the judgment be not in due form this court should correct it, as all the facts are in the record and admitted by the parties. R. S. 1879, sec. 3776, with a great number of cases construing this stat. ute. *Phillips v. Stewart*, 69 Mo. 149. (3) The first count in the petition states a cause of action. *Grimes v. Gates*, 47 Vt. 594, s. c., 19 Am. Rep. 129. (4) The second count sets forth a good action for libel. The words in the letter are actionable *per se*. *Burch v. Benton*, 26 Mo. 153 ; *Currey v. Collins*, 37 Mo. 328 ; *Bundy v. Hart*, 46 Mo. 462. (5) The plea in abatement raised no issue proper to be tried under that plea, and hence was properly stricken out. R. S. 1879, sec. 438 ; *Burnett v. McCluey*, 92 Mo. 235 and 236 ; *Cohn v. Lehman*, 93 Mo. 574. We ask that the judgment be modified and affirmed, as was done in 69 Mo. 149

Sмiтн, P. J.—This was an action of attachment brought by the plaintiff against the defendant in the circuit court of Barton county to recover damages. The petition contains two counts, the first of which alleged that on the eighteenth day of October, 1887, Myron Woolley, the defendant herein, did wrongfully and maliciously write, compose and send to plaintiff herein, a certain letter containing wicked and scandalizing language concerning the plaintiff, and did, with the intent to frighten said plaintiff, therein threaten to have the plaintiff arrested and imprisoned in the state's prison, and did threaten to accuse the plaintiff of crimes punished by imprisonment, and did threaten him with great bodily injury ; which said letter was received by the plaintiff. And plaintiff says that by reason of the premises he was terrified, frightened and injured, and

thereby suffered great loss. That at the time he so received said letter he was advanced in years and very feeble in health, and nervous and unable to endure so great grief and annoyance as other men, which facts the said defendant well knew and took advantage of. And plaintiff says that by reason of the wicked, scandalous and threatening matter contained in said letter as aforesaid, he was made sick and unable to attend to his usual business, and perform his usual work, and was also put to great expense and trouble in preparing to defend himself against the threatened and unlawful prosecution of himself by the defendant herein, to plaintiff's damage in the sum of five hundred dollars, for which sum plaintiff prays judgment.

The second count alleged that the defendant was the author and sender of another false and libellous letter of and concerning the plaintiff, which said letter is in words and figures as follows, to-wit:

"STREATOR, October 18, 1887

"*J. P. Houston, Lamar, Mo.*

" SIR :—It is with pleasure that I announce to you that Judge Dodge has taken our case; the judge holds that you are a partner in the crime, and that you are jointly and separately liable to both criminal and civil prosecution. The judge says that the correspondence fully explains and defines the positions occupied by all parties. Mr. Houston, if you and the other parties wish to protect your liberty and your property, you must return our money, eight hundred and fifty dollars, at once. You will find that in dealing with Judge D., the Hon. Mark D. Wilbur, and the U. S. court, that you are not engaged in your favorite pastime of swindling old and helpless men. Judge Dodge says that your conduct was all the more reprehensible from the fact that father was your guest and at the house of a friend. Mr. H., I have no desire to disgrace you in your old age, and in compromising with you, Judge Dodge says would be a great act of mercy.

"If our money is sent back, we will deed the place to M. N. Wills, and let the matter drop. We offered the place for sale at one-half the cost, but that was to get money to prosecute with. We do not need money now, as the judge will furnish all that is needed.

"Yours, etc.,

"MYRON WOOLLEY."

And plaintiff says that the said defendant did publish the contents of said letter abroad to, and in the hearing of, divers and sundry persons, by reason of which libellous publication by the defendant as aforesaid, the plaintiff says he is injured in the sum of five hundred dollars, for which said sum he prays judgment.

The affidavit for the attachment alleged that the plaintiff had "a just cause of action against the defendant therein now due, and that the amount which he believed he ought to recover after allowing all just credits and set-offs is five hundred dollars," and that "the defendant is not a resident of the state of Missouri."

The defendant, limiting his appearance for that purpose, filed a motion to quash the attachment on the grounds, (1) that the cause of action stated in the petition arose in tort and not upon any debt or civil liability, nor from the commission of any act or misdemeanor, and (2) that the petition did not state a cause of action, which motion was by the court overruled.

The defendant then, again limiting his appearance, filed what is characterized as a special plea in abatement, wherein were alleged as grounds for abating the attachment substantially the same as those set forth in the motion to quash, which upon motion of the defendant was stricken out by the court.

The defendant then filed what is designated as a plea to the jurisdiction of the court, wherein it was denied that the court had jurisdiction either of the person or the property of the defendant. This plea was submitted to the court upon which the finding was adverse to the defendant.

Upon this state of the record the case was proceeded with to trial and judgment.

The judgment recites that "the cause coming on to be tried on the merits, and both of the parties appearing by their respective attorneys, and the court, after hearing all the evidence offered and argument of counsel," found two hundred and fifty dollars for plaintiff on each count of the petition, etc. The judgment was special against the attached property. After the usual motions for a new trial in both branches of the case were overruled, the defendant prosecuted his appeal from the judgment to this court.

I. As to the defendant's motion to quash the writ of attachment, it is only necessary to say that it was properly overruled for the reason that it did not in any way draw in question the regularity or the sufficiency of the attachment proceeding. Evidently the motion was based upon a misconception of the provisions of the statute, section 398, which declares that the plaintiff "in any civil action" may have an attachment against the property of the defendant "in any one or more" of the fourteen cases therein enumerated. It is quite plain that the plaintiff was entitled to the process of attachment on compliance with the requirements of the statute, one among which was (sec. 403), to make an affidavit specifying one or more of the several grounds mentioned in section 395.

It is quite true that he did not make the torts alleged in his petition, or either of them, which he probably might have done, a ground or grounds of the attachment. R. S., secs. 1591, 1592, 1593. He had the right to select any other ground or grounds that existed. There is no rule of practice forbidding this.

He was only required to file a good and sufficient affidavit embracing some one or more of the statutory causes, which he did. *Bachman v. Lewis*, 27 Mo. App. 81, lends no support to the contention of the defendant.

That was a suit in equity against a married woman, and in aid thereof the process of attachment was sued out upon three distinct grounds. The defendant filed a plea in abatement putting in issue the truth of the facts alleged in the affidavit, and further alleging as a cause of abatement that she was a married woman. Upon the evidence given under these issues the trial court found for the defendant. The judgment was affirmed here. The simple stating of the case shows that it is not in point. There the jurisdiction of a court of law was invoked to subject the property of a married woman to the payment of an alleged indebtedness. Of course this could not be done for the court was not invested as a court of law with any such jurisdiction. The words "any civil action" as employed in section 398 are to be reasonably construed, and a construction that would bring within their scope and meaning the ancillary proceeding by attachment, which is exclusively legal, against the property of a married woman, would obliterate the line of demarcation between the jurisdiction of courts of law and those of equity, which of course would be unreasonable and not to be tolerated. Hence the case referred to decides nothing militating against the views herein expressed.

The decisions of the courts of last resort in the various states, though not harmonious, have been largely influenced by statute, and however the law may be in any one of the states, we think that in view of the fact that our statute is remedial in its character, in connection with its history, showing that it has been amended from time to time, making it more comprehensive in its terms until enacted in its present broadness, that its meaning must be held to be what its words plainly imply. R. S. 1849, p. 133, sec. 1; R. S. 1855, p. 238, sec. 1; R. S. 1879, p. 61, sec. 398; *Finly v. Bryson*, 84 Mo. 664.

II. And as to the defendant's so-called plea in abatement, it may be remarked as it did not meet the

requirements of the statute, section 438, by putting in
issue the truth of the facts alleged in the affidavit nor
affirmatively plead any abatable matter, that it was
properly stricken from the files of the court. It was in
the nature of a demurrer to the petition, presenting
substantially the same grounds as those contained in
the motion to quash, and did not in any way question
the legal sufficiency of the affidavit as seems to have
been supposed. The defendant's plea to the jurisdic-
tion of the court, over the person and the property of
the defendant, went to the whole case. Whether
this pleading should, under the present construction
of the practice act, have been treated as an answer
(*Thompson v. Bronson*, 17 Mo. App. 456; *Byler v.
Jones*, 79 Mo. 261; *Little v. Harrington*, 71 Mo. 391)
it is not necessary for us to here decide. The court's
finding was adversely thereon to the defendant, and we
must, in the absence of anything in the bill of excep-
tions showing to the contrary, presume the same to be
correct.

III. The defendant for the first time here ques-
tions the sufficiency of the petition on the ground that
neither count states a cause of action. The plaintiff
cites *Givens v. Gates*, 47 Vermont, 594, as an authority
showing the first count of his petition is not obnoxious
to the objection which the defendant here lodges against
it. Upon an examination of this decision we find it to
be quite well considered, and to rest upon a number of
English authorities where principles are stated which
fully support it. 3 Black Com. 120; 2 Com. Dig.
Battery D.; Jacobs' Law Dict., Tit. Threats; Bouv. Law
Dict., Tit. Menace; *Queen v. Woodward*, 11 Mod. 137;
3 Chitty, Crim. Law, 607; *King v. Southerton*, 6 East,
127; Coke, Litt. 253*b*.

Upon reason and authority we think the first count
of the petition states a cause of action.

And we likewise think the second count of the peti-
tion stated a good cause of action.

Are the words of the letter set forth in *haec verba* in the court actionable *per se?* If so, then the statement of the cause of action thereon was sufficient.

In actions of this kind, the plaintiff must show a cause of action subject to the rule that the words, when taken fairly and in their ordinary sense (*Salvatelli v. Ghio*, 9 Mo. App. 9; *Johnson v. Dispatch Co.*, 2 Mo. App. 565), impute an indictable offense for which corporal punishment may be inflicted. *Birch v. Burton* 26 Mo. 153; *Curry v. Collins*, 37 Mo. 328; *Bundy v. Hart*, 46 Mo. 462.

The writing and sending. of a libellous writing to the libeled is a publication. R. S., sec. 1593. The words of the letter set forth in the petition impute to the plaintiff a crime for which he may be indicted and corporally punished. They bring the case within the rule referred to. Besides this it is likely the said count would be held good under the statute defining libel. Sec. 1591. This section was introduced into the statutes since the decisions defining libel to which we have referred.

The conclusion is therefore that the judgment of the circuit court, being special, should be modified here so as to make it general (R. S., sec. 3776); it is ordered accordingly affirmed. All concur.