WILLIAM DEERING & Co., Appellant, v. JOHN A. COLLINS et al., Respondents.

1.   **Attachment**: CAUSE OF ACTION AND CAUSE OF ATTACHMENT: CONSISTENT PLEADING: STATUTE CONSTRUED.   The twelfth subdivision of section 398, Revised Statutes, 1879, prescribing that, as a ground for attachment, the "damages, for which the suit or action is brought, are from injuries arising from the commission of some felony or misdemeanor," requires that the petition must state a cause of action within the terms of this provision, and the petition and affidavit for the attachment must be consistent in their allegation, and, on trial of plea in abatement, must be practically construed as an entire pleading, so far as the reception of evidence is

Deering & Co. v. Collins.

concerned, and, therefore, where the cause of action arises upon a promise as an account stated, an attachment cannot be sustained under such subdivision, and it is not error in the trial court to refuse the introduction of evidence to sustain such ground of attachment.

2. Instructions: HARMLESS ERROR. Certain linguistic objections to instructions considered and *held* harmless.

3. Fraudulent Conveyance: INSTRUCTION AS TO PREFERRING CREDITOR. An instruction declaring that, if defendant made a certain deed of trust with the *bona fide* intention to prefer the creditor therein named, it was not fraudulent, etc., is examined and approved.

4. ———: INSTRUCTIONS AS TO CONDUCT COMPORTING WITH HONESTY. An instruction informing the jury if they believed the transaction between the parties resulting in the deed of trust, read in evidence, was as consistent with honesty and fair dealing as with dishonesty or fraud, then they should find the same honest, is approved.

5. Appellate Practice: ABSTRACT: EVIDENCE: INSTRUCTION. An appellate court will not notice the objection that there is no evidence to support an instruction, where the evidence, or the substance thereof, is not set out in the abstract.

*Appeal from the Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*Boggess & Moore,* for the appellants.

(1) At the trial the court, on the request of defendants, excluded all evidence in support of the second ground of attachment alleged in the affidavit, in the language of the statute. It would startle the ordinary practitioner if he should be furnished a precedent or authority for such doctrine, such ruling, such misunderstanding of the plain letter of the law. (2) The first instruction given for the defendants is wrong. This instruction laid an unreasonable burden on the plaintiffs; one not contemplated or favored by the law. It should have said, in substance, "if the jury believe from the evidence." (3) The second instruction is wrong, for the same reasons

urged against the first, and for the further and additional reasons. 2 Wharton's Ev. [3 Ed.] sec. 1039, *et seq.*, and notes. (4) The third instruction is full of every kind of error which could well be stuffed in so short a paragraph. (5) The fourth instruction is vulnerable to nearly all those criticisms made upon its predecessor. (6) The fifth instruction is predicated largely of a supposed settlement between Collins & Son and said Dewar at the time of making the note and deed of trust, and of said Dewar then absolutely assuming the debt of Rodgers, of which there is not one word of evidence in the record. (7) The sixth instruction is wanting of evidence on which to predicate it. The insolvency of said Dewar (which is conceded) is an insuperable obstacle to the validity of said conveyance under the circumstances of the case. *Gregg v. Lee*, 37 La. Ann. 164. (8) The seventh instruction is directly in the teeth of *State to use v. Estel*, 6 Mo. App. 6, and bad under *Jones v. Jones*, 57 Mo. 138.

*A. B. Logan, S. P. Sparks* and *W. W. Wood*, for the respondents.

(1) There was no error in the exclusion of evidence in support of the second ground of attachment alleged in the affidavit. *Finlay v. Bryson*, 84 Mo. 664; *Nanson v. Jacob*, 93 Mo. 344; Green's Prac. 259; 1 Estes Plead. p. 379; Drake on Att., 5 rel., sec. 101; *State v. Fitzsimmons*, 30 Mo. 241; *State v. McCallum*, 44 Mo. 344. (2) The first instruction for defendant was unobjectionable. (3) The objections to the second instruction are not well taken. *State v. Laurie*, 1 Mo. App. 371; *Albert v. Besel*, 88 Mo. 150; *Gutzweiler v. Lackman*, 39 Mo. 81; *Weinstein v. Reid*, 25 Mo. App. 41, 50; *Young v. Kellar*, 94 Mo. 581, 587. (4) The third, and favorite instruction, simply asserts the well-established doctrine, conceded in plaintiffs' fifth, that a creditor has the right to prefer one creditor to the exclusion of all others. *Shelley v.*

*Boothe,* 73 Mo. 74; *State v. Laurie, supra; Singer v. Goldenburg,* 17 Mo. App. 549; *Gaff v. Stern,* 12 Mo. App. 115. (5) The objection to the fifth instruction is untenable. (6) The sixth instruction is correct. (7) There is no error in the seventh instruction. *Dallam v. Renshaw,* 26 Mo. 533; *Chapman v. McIlwrath,* 77 Mo. 38; *Rumbolds v. Parr,* 51 Mo. 592; *Henderson v. Henderson,* 55 Mo. 534; *Young v. Kellar,* 94 Mo. 581.

SMITH, P. J.—This was a suit by the plaintiff, a business corporation, against defendants, by attachment, on an account stated.

The petition alleged that "plaintiff and defendants had large dealings, in the course of which plaintiff delivered to defendants large quantities of goods, wares and merchandise of great value, to be by defendants held as the property of plaintiff, sold by them on commission for it, and to account for and pay over the receipts therefor to the plaintiff; that defendants sold said goods, wares and merchandise in large quantities of great value, and failed to account for and pay over the moneys received on said sales, and converted the same to their own use. Afterwards, on or about the —— day of ——, 188—, plaintiff and defendants had an accounting of all said matters, debts and credits, and, upon said accounting, it was found, agreed and stated that defendants were, at that time, on the account aforesaid, indebted to plaintiff in the sum of thirteen hundred and four dollars and seventy-five cents, which defendants then and there promised to pay; asked judgment for the sum of money, interest, costs," etc.

The affidavit on which the attachment was based set forth two distinct and separate causes :

"1. That the defendants have fraudulently conveyed or assigned their property or effects so as to hinder or delay their creditors.

"2. That the damages for which this suit or action is brought are for injuries arising from the commission

of some felony or misdemeanor." The defendants put in issue the truth of the facts alleged in the affidavit. At the trial the defendants objected to the introduction of any evidence to sustain the grounds of attachment. The court sustained the objection as to the second ground as to the misdemeanor or felony, and to which ruling the plaintiff duly saved its exceptions.

Neither party has seen fit to set forth the evidence adduced in the cause at the trial, as required by the rules and practice of this court. The abstract contains only a few excerpts from the evidence, and some references thereto; however, this may be all that is necessary to a full understanding of the questions which are presented for our decision. The reference to the instructions, which is made further along, will be all that is requisite to understand the points of objection to them. As a result of the trial, the defendants had judgment from which plaintiff has appealed.

I. The first ground of the plaintiff's appeal is that the circuit court erred in refusing to permit it to introduce any evidence in support of the second ground of attachment alleged, and, to sustain this objection, contents itself in its brief with the simple remark, "That it would startle the ordinary practitioner if he should be furnished a precedent or authority for such doctrine, such ruling, such misunderstanding of the plain letter of the law."

It may not be out of place to suggest here that this remark, just quoted, does not afford us the least assistance in our endeavor to determine whether the adverse ruling of the trial court, of which complaint is made, constitutes reversible error or not. A statement of some principal of law, which may be thought applicable, and which the circuit court infringed by the ruling in question, supported by a citation of authority, would certainly be more apposite.

The action, as has been already stated, was brought on an account stated. It was based upon a promise to

pay the plaintiff the balance found due to him on the settlement alleged in the petition. The suit is not brought for *damages* at all. It would then seem quite illogical "that the *damages* for which the suit is brought are for injuries arising from the commission of some felony or misdemeanor." If the petition be true, the ground of the attachment is untrue, or *vice versa*. A more glaring contradiction could not well be presented in the pleadings of any case. The question then is, did the circuit court err in refusing to permit the plaintiff to prove the truth of its second ground of attachment, and thereby disprove and overturn the cause of action it had alleged in its petition. The proof of the one was the disproof of the other.

In *Houston v. Woolley*, 37 Mo. App. 15, the damages for which the suit was brought were for injuries arising from the commission of a misdemeanor. There was an attachment in aid of the suit, and the affidavit, upon which it was based, set forth but one ground, which was that "the defendant is not a resident of the state of Missouri."

It was contended that, because the action was for a tort, the attachment ought to abate—we there ruled that the plaintiff might have made the tort alleged in his petition a ground for the attachment, but that there was no rule of practice forbidding him to select any other ground or grounds that existed.

In *Bachman v. Lewis*, 27 Mo. App. 81, we ruled that the petition did not state a debt of such a nature as would sustain an action at law, and for that reason it would not sustain an attachment. In *Finlay v. Bryson*, 84 Mo. 664, the plaintiff sued by attachment. The petition was for money had and received for the use of the plaintiff. The affidavit for the attachment alleged as a ground therefor "that the debt sued for was fraudulently contracted on the part of the defendant." The truth of the affidavit was put in issue by a plea in

abatement. Mr. Commissioner MARTIN who delivered the opinion in the case, in discussing the question whether or not the plaintiff was entitled on the pleadings and evidence to judgment, remarked that, "when an attachment is sought upon the grounds contained in the fourteenth subdivision (R. S., sec. 398), the misconduct of the defendant constituting the ground of the attachment must relate to the same cause of action set forth in the petition. The statute we are construing seems to proceed upon this principle by allowing the plaintiff to sue on the debt, and prosecute an attachment against the debtor's property for having fraudulently reduced it."

The second ground of attachment in this case is found in the twelfth subdivision of said section 398, Revised Statutes, and like, the ground in the fourteenth subdivision already referred to, relates to the cause of action set forth in the petition. It is thus seen that by the very terms of the statute the plaintiff's second ground of attachment necessarily related to the cause of action stated in the petition. An attachment under the twelfth subdivision is to be distinguished from those based on the first ten subdivisions of the section, in that the latter does not necessarily relate to the cause of action stated in the petition.

Having thus established the direct relation between the cause of action stated in the petition and the ground of attachment under the twelfth subdivision of section 398, it remains to consider further whether the plaintiff can allege and prove a ground of attachment, which contradicts and overthrows the cause of action stated in his petition. It is a rule of pleading that causes of action must be consistent. The requirement of consistency is simply a logical one. Bliss on Code Pleadings, sec. 122. The same rule is likewise applicable to answers. And in *Nelson v. Brodhac*, 44 Mo. 596, it was held that two or more defenses are held to be inconsistent, where the proof of one necessarily disproves the

other. This rule has been reiterated in other and later cases. *Cohn v. Lehman*, 93 Mo. 583; *Ledbetter v. Ledbetter*, 88 Mo. 60; *State ex rel v. Rogers*, 79 Mo. 283; *McAdow v. Ross*, 53 Mo. 199. In *Nanson v. Jacob*, 93·Mo. 349, it was held that where one proves up his demand against an assignee in the ordinary way he will be precluded from afterwards proceeding against the assignee as for conversion since the two proceedings are incompatible. It seems to us, upon the principles announced in the foregoing authorities, that, before a plaintiff can have an attachment under the said twelfth subdivision of said section 398 of the statute, he must allege in his petition a cause of action within the terms of that section. Unless this is done there is no ground upon which an attachment of this kind can be founded. Unless the damages for which the action is brought are for injuries arising from the commission of some felony or misdemeanor, and which must affirmatively appear from the allegations of, the petition, an attachment under the twelfth subdivision cannot be sustained. But in this case there is no allegation in the petition of any such cause of action. The cause of action arises upon a promise.

The petition and affidavit for the attachment must be consistent in their allegation of facts, for they are so inseparably connected and related that for the purposes of a trial on the plea in abatement they must be practically construed as an entire pleading, in so far as the reception of evidence goes to sustain their allegations. We think then the true test in such cases is whether the proof of the allegations in the petition necessarily proves the truth of affidavit for the attachment, or *vice versa*. If not then no proof ought to be heard to sustain the attachment. Tried by this rule it seems clear that the circuit court did not err in refusing to permit the plaintiff to introduce evidence to sustain the second ground of his affidavit for the attachment.

II. It is likely that some of the defendants' instructions may be justly regarded as clumsy structures by those who are so well versed in philology, criticism and rhetoric as, no doubt, are the eminent counsel for the plaintiff. While the general diffusion of knowledge has of late years been quite rapid, yet it is believed that however desirable may be the attainment of that social condition, in which an intimate acquaintance with polite literature may be common to all, it is quite Utopian. The statute nowhere exacts as a qualification of jurors that they shall be belles-lettres scholars.

It seems to us that the plaintiff in questioning the defendants' instructions is needlessly hypercritical.

No harmful error in the defendants' first instruction has been suggested by the plaintiff. The criticism made is entirely philological. Even if the differences and distinctions between the terms used in said instruction, and those that it is insisted should have been used, exist, as is probably the case, we do not think we would be justified in reversing the judgment on that account. The English employed in this instruction, we think, is sufficiently plain and terse to have enabled the jury to fully understand the court's direction to it.

As to the defendants' second instruction it is sufficient to say that the deed of trust therein referred to was introduced in evidence by plaintiff, and therefore its execution was not open to the objection which plaintiff has taken to it. If the deed of trust was regular on its face, which is not questioned, it imported a consideration, and the *onus* was upon the plaintiff who assailed it as fraudulent. This rule has the sanction of the authorities in this state. *Gutzweiler v. Lackman*, 39 Mo. 91; *State v. Laurie*, 1 Mo. App. 152; *Albert v. Besel*, 88 Mo. 152; *Weinstein v. Reid*, 25 Mo. App. 41; *Young v. Kellar*, 94 Mo. 581.

The defendants' third instruction told the jury "that if they believed from the evidence that Dewar

hàd paid and assumed debts and incurred expenses for Collins & Son to about the amount of twenty-one hundred dollars, and that said Collins & Son made the deed of trust in evidence with the *bona fide* intention of paying said Dewar in preference to and to the exclusion of the other creditors, they had under the law the right to make such preference, and such a transfer is not fraudulent or made to hinder, delay or defraud their creditors, although all the other creditors of said Collins & Son may have been left unpaid by reason of said transfer."

The plaintiff suggests that this instruction "is full of every kind of error which could well be stuffed in so short a paragraph. It starts out by telling the jury that if they believe certain things, then abandons the premise, degenerates into an argument to prove the conduct of defendants was right, that the act was not fraudulent, and then relaxes into a mild sort of emollient, without any effort to extract the virus." While the awkwardness of expression and inartistic finish of this instruction may to some extent merit the caustic and scathing criticism, to which the plaintiff has subjected it, still we are unable to discover that the plaintiff has suggested therein any objection to the correctness of the principle declared by it.

As we understand it, this instruction was faultless in its enunciation of a well-settled rule of law applicable in such cases. *Shelley v. Boothe,* 73 Mo. 74; *State v. Laurie,* 1 Mo. App., *supra; Singer v. Goldenburg,* 17 Mo. App. 549; *Gaff v. Stern,* 12 Mo. App. 115.

No objection is pointed out to the defendants' fifth instruction. The objection that there is no evidence to authorize the giving of the sixth and seventh of the defendants' instructions cannot be noticed since all of the evidence or the substance thereof is not set forth in the abstract of the record.

The defendants' seventh instruction told the jury that, if they believed from all the evidence in the case

that the transactions between Collins & Sons and Dewar, through which the deed of trust read in evidence was given, were as consistent with honesty and fair dealing as with dishonesty or fraud, then they should find the same to be honest.

As near as we can find out the doctrine of this instruction has mainly for its foundation the remark of Judge NAPTON, in *Dallam v. Renshaw*, 26 Mo. 533, to the effect, " we have acted on the principle of giving the defendants the benefit of a construction favorable to the honesty of the transactions, when that construction would as well consist with the circumstances as a contrary one, and that, when doubts are entertained as to the true construction to be given to the conduct of the parties, those doubts should be resolved in favor of defendants." In *Chapman v. McIlwrath*, 77 Mo. 38, it is said that " it is well-settled law of this state that, when a transaction is as well compatible with honesty as dishonesty, it shall be presumed to be the former and not the latter." And a like recognition of this doctrine has found expression in *Rumbolds v. Parr*, 51 Mo. 592, and *Henderson v. Henderson*, 55 Mo. 534, and perhaps in other cases. We think the defendants' seventh instruction was substantially correct.

It results from these considerations that the judgment of the circuit court must be affirmed. All concur.