Pearson v. Gillett.

---

W. B. Pearson, Respondent, v. F. L. Gillett, Appellant.

Kansas City Court of Appeals, November 6, 1893.

1. **Jurisdiction**: APPEAL: AFFIDAVIT: APPEARANCE. The circuit court has concurrent jurisdiction with a justice of the peace in an action to recover damages for injuries to plaintiff's crops; and where the justice grants an appeal and files the paper in the circuit clerk's office and the parties appear and go to trial on the merits without objection to the appeal affidavit or the jurisdiction, it must be construed as an admission of the jurisdiction of the court and a waiver of all defects in taking the appeal.

2. **Trial Practice**: REOPENING CASE. It is all proper for the trial court to permit the reopening of the evidence when once closed, if the ends of justice at the time appear to require it.

3. **Appellate Practice**: OBJECTION AND EXCEPTION. Objection and exception must be preserved in the bill of exceptions to warrant to the consideration of objections to admission of evidence in the appellate court.

4. ———: TRIAL BEFORE COURT. Where the trial was before the court without instructions and the evidence supports the finding, the appellate court will presume the trial court entertained a correct view of the law and not disturb the judgment.

*On Motion for Rehearing.*

5. **Jurisdiction**: JUSTICE OF PEACE: AFFIDAVIT: ABSTRACT. Although appellant abstract does not contain the affidavit for an attachment filed with the justice, yet, as the justice's transcript states one was filed, and defendant's plea in abatement in the circuit court denies the allegations of the affidavit, the contention that the affidavit was filed to authorize the attachment must be *held* unfounded.

6. **Attachment**: JURISDICTION: TORT: STATUTE: CIVIL ACTION. The Missouri statute furnishes a remedy by attachment in all civil actions, whether resting on contract or sounding in tort.

*Appeal from Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Gordon, Gordon & Gordon* for appellant.

(1) The circuit court obtained no jurisdiction of the subject-matter of this cause by appeal from the justice, because the affidavit for appeal fails to show whether the appeal is from the merits or judgment taxing cost. Revised Statutes, 1889, sec. 6330; *Whitehead v. Cole & Rodgers*, 49 Mo. App. 428; *Spencer v. Beasley*, 48 Mo. App. 97. (2) The circuit court obtained no jurisdiction of the subject-matter of this cause by appeal, because the record of the justice fails to show that an affidavit and bond for appeal was filed

with the justice and an appeal granted, or that the allowance of the appeal was procured by proceedings in the circuit court. *Devore v. Staeckler*, 49 Mo. App. 547. (3) The justice had no jurisdiction of the subject matter of the action, for the reason that no affidavit was filed with the justice to authorize him to issue the writ of attachment. *Bank v. Garton*, 40 Mo. App. 113, and authorities cited; *Norman v. Horn*, 36 Mo. App. 419. (4) Appellant could not waive, and did not waive, jurisdiction of the subject matter of the action, and it can be raised for the first time in the appellate court. Revised Statutes, 1889, sec. 2047; *Smith v. Burrus*, 106 Mo. 97; *Proctor v. Railroad*, 42 Mo. App. 127; *Paddock v. Somes*, 102 Mo. 235, and authorities cited; *Anderson v. McPike*, 41 Mo. App. 331. (5) Neither the justice or circuit court has jurisdiction to issue a writ of attachment on a demand for unliquidated damages, except where the damages arise from the commission of a felony, misdemeanor or seduction of a female. Revised Statutes, 1889. sec. 521, 12th subdiv; *Deering & Co. v. Collins*, 38 Mo. App. 80; 7 Lawson's Rights and Remedies, sec. 3506; *Tabor v. Co.*, 14 Fed. Rep. 636.

*W. E. Nicklin, C. B. Sebastian* and *Sam. C. Major* for respondent.

(1) The circuit court may permit the reopening of plaintiff's or defendant's evidence when once closed, if the ends of justice at the time appear to require it. *Taylor v. Case*, 97 Mo. 243; *Guenther v. Railroad*, 95 Mo. 286. (2) We next invite the attention of the court to the point number 5, made by appellant, that no sufficient affidavit for an appeal was made by appellant in the justice's court. To a proper determination of this question I call the attention of the court to the

record in the case. The transcript of the justice's docket shows the following entry made on his docket: "Appeal granted this January 4, 1893." This is all the entry of record on his docket that the law requires. See "Duty of Justice Allowing Appeal," Revised Statutes, 1889, sec. 6332. The justice shall then file in the office of appellate court, a transcript of his docket entries, together with all other papers relating to the suit. The appellee was thus fully advised that the appeal had been taken from the merits, and both the appellant and appellee summoned their witnesses, appeared in court, answered ready and proceeded with the trial. The court had undoubted jurisdiction over the subject-matter of this suit; jurisdiction over the subject-matter must come from the law; and the circuit court had concurrent original jurisdiction with the justice of the peace of this action. Revised Statutes, 1889, sec. 3318. And the voluntary appearance answering ready and proceeding with the trial by appellant, he cannot now deny that the court obtained jurisdiction of the cause. *Page v. Railroad*, 61 Mo. 78; *Bohn v. Devlin*, 28 Mo. 319; *Orear v. Clough*, 52 Mo. 55, 118; *Griffen v. VanMeeter*, 53 Mo. 430; *Peters v. Railroad*, 59 Mo. 406; *Kronski v. Railroad*, 77 Mo. 362; *Bates v. Scott Bros.*, 26 Mo. App. 428; *Pry v. Railroad*, 73 Mo. 127. The only exceptions to this universal rule, are that class of cases where the circuit court has not original, but only appellate, jurisdiction,—such cases as forcibly entry and detainer. *McQuid v. Lamb*, 19 Mo. App. 153; *Bauer v. Cabanne*, 11 Mo. App. 114; *Robinson v. Walker*, 45 Mo. 117. In order to authorize an appellate court to reverse a judgment in a case commenced before a justice of the peace, for want of jurisdiction, it must appear that the question of jurisdiction was raised and passed upon in the circuit court. *Batchelor v. Bess*, 22 Mo. 403; *Bridge Co. v. Railroad*, 72 Mo. 664; *Chidsey*

*v. Powell,* 91 Mo. 623; *Nall v. Railroad,* 97 Mo. 68; *Claflin v. Sylvester,* 99 Mo. 277.

SMITH, P. J.—This was an action by attachment commenced by the plaintiff against the defendant and one Smith before a justice of the peace to recover damages for injuries to the plaintiff's crops.

The action was dismissed before the justice as to Smith. The remaining defendant filed no plea in abatement. There was a trial on the merits which resulted in judgment for the plaintiff, and from which defendant appealed to the circuit court, where the defendant was permitted to file a plea in abatement. A trial was had before the court on both the plea in abatement and the merits, which resulted in a judgment for the defendant on the issue made by the plea in abatement, and in favor of the plaintiff on the merits, for the sum of $130, and from which latter judgment the defendant took an appeal here.

The defendant has assigned several grounds for the reversal of the judgment. The first which we shall notice is, that the circuit court obtained no jurisdiction of the subject-matter of the cause by appeal from the justice for the reason that the affidavit for the appeal fails to show whether the appeal is from the merits or the judgment taxing costs. Revised Statutes, sec. 6330. Conceding that the affidavit is defective in the particulars indicated, still we must think the objection to the jurisdiction not well taken. The circuit court, it may be assumed, had concurrent original jurisdiction with the justice of the peace over the subject-matter of the action. Revised Statutes, sec. 3318. The record shows that the justice by an entry on his docket granted the appeal and thereafter filed in the office of the clerk of the circuit court a transcript of his docket entries together with all other papers relating to the

suit, in conformity to the statutory requirements. Revised Statutes, secs. 6332, 6337. Now, suppose the affidavit was defective; yet, since the defendant voluntarily appeared in the circuit court and went to trial on the merits without making any objection to the sufficiency of the affidavit or the defect of jurisdiction, this must be construed as an admission by him that he was subject to the jurisdiction of the court in the case and as a waiver of all previous defects in the manner of taking the appeal.

The case is not different than if the complaint had been originally filed in the circuit court and the defendant had voluntarily appeared thereto and proceeded to trial without the previous service of notice or process. After judgment he could not be heard to controvert the jurisdiction of the court. *Sampson v. Thompson,* decided at the present term. *Page v. Railroad,* 61 Mo. 78; *Bohn v. Devlin,* 28 Mo. 319; *Orear v. Clough,* 52 Mo. 55, 118; *Griffen v. VanMeeter,* 53 Mo. 430; *Peters v. Railroad,* 59 Mo. 406; *Kronski v. Railroad,* 77 Mo. 362; *Bates v. Scott Bros.,* 26 Mo. App. 428; *Pry v. Railroad,* 73 Mo. 127; *Griffin v. Samual,* 6 Mo. 52; McQuillan's Pleading and Practice, sec. 331. The jurisdictional point must be ruled against defendant.

It is always proper for the trial court to permit the reopening of plaintiff's or defendant's evidence when once closed, if the ends of justice at the time appear to require it (*Taylor v. Cayce,* 97 Mo. 243); and so it is not perceived that the action of the trial court complained of in this regard was improper.

As to the objection that the plaintiff should not have been permitted to prove the actual possession or ownership of the land upon which the trespass was committed because it had not been alleged in the statement of his cause of action, it is sufficient to say that no such objection was taken at the trial and made the

basis of an exception and preserved in the bill of exceptions; but, if so, we think the statement sufficiently alleges the ownership and possession of the land, and so this point must likewise be ruled against the defendant.

The case was tried by the court without the intervention of a jury. No instructions were asked or given. And, as there seems to have been some substantial evidence to support the judgment, we must presume the trial court entertained a correct view of the law, and so we cannot disturb its judgment.

The plaintiff in his brief insists that the judgment for the defendant on the plea in abatement should be reversed for certain reasons therein mentioned. But as no exceptions were taken and preserved to the rulings of the court in respect to the disposition of any matter pertaining to that branch of the case, there is nothing before us for review.

It results that the judgment of the circuit court will be affirmed. All concur.

## ON MOTION FOR REHEARING.

SMITH, P. J.—After we have given due consideration to every point of objection urged against the judgment by defendant, either in his oral argument or printed brief, and have ruled upon the same adversely to him he now by his motion for the first time suggests that the justice had no jurisdiction of "the subject matter of the suit" for the reason, *first*, there was no affidavit filed in said suit before the justice upon which the attachment was issued; and, *second*, that the action was founded on a demand for unliquidated damages. It is a sufficient answer to the first of these objections to say that the abstract of the record discloses that this entry appeared in the justice's transcript, viz:

"The above petition was filed with the justice, December 7, 1892; summons issued, returnable on the twenty-fourth day of December, 1892, and on the fourth day of December, 1892, affidavit and bond filed with the justice, and an attachment writ was issued, returnable on the twenty-fourth day of December, 1892. December 24, plaintiff dismissed his cause of action on the merits against defendant, G. C. Smith, and, no plea in abatement being filed in behalf of the other defendant, F. L. Gillett, the cause proceeded to trial upon the merits, before a jury of six competent men. After hearing all the evidence and argument the jury returned into court the following verdict: 'We, the jury, give plaintiff $65. J. L. Burroughs, Foreman.'"

Now the defendant has not seen proper to set forth in his abstract the affidavit filed before the justice of the peace; but in the counter-abstract of the plaintiff it appears that when the cause reached the circuit court the defendant then in pursuance of the leave granted him for that purpose filed his plea in abatement wherein he denied "the truth of the facts alleged in the plaintiff's affidavit for attachment herein" and further denied that "he is a nonresident of the state or that he is about to remove his property or effects out this state with intent to defraud, hinder or delay his creditors." So that the contention that there was no affidavit filed before the justice to authorize the issue of the attachment process, must be held unfounded.

And, as to the other ground of objection, it may be stated that in the absence of statutory provision allowing attachments to issue in actions founded on tort that such actions will not lie. Drake on Attachment [6 Ed.], section 10. But the statute of this state furnishes the remedy in *all civil actions* whether resting on contract *or sounding in tort*. Revised Statutes, 1889, sec. 521; Revised Statutes, 1879, sec.

398; Revised Statutes, 1865, sec. 1, p. 561; Revised Statutes, 1855, sec. 1, p. 238; Revised Statutes, 1849, sec. 1, p. 133; *Finlay v. Bryson*, 84 Mo. 664; *Houston v. Woolley*, 37 Mo. App. 15; *Deering v. Collins*, 38 Mo. App. 80.

What was said by us by way of exposition of the language of section 521, Revised Statutes, in *Houston v. Woolley*, *supra*, need not be repeated here. The conclusion there expressed was that the words "any civil action" as employed in that section were broad and comprehensive enough to embrace all actions at law whether resting on contract or sounding in tort. Entertaining these views, it results that the motion must be denied.