## AMERICAN SURETY CO. OF NEW YORK v. HAYNES.

(Circuit Court, E. D. Missouri, E. D.    December 24, 1898.)

No. 4,040.

1. ATTACHMENT—GROUNDS—DEBT FRAUDULENTLY CONTRACTED.
    An action by the surety in a fidelity bond against the principal to recover the amount paid by the plaintiff on account of an embezzlement by defendant from the obligee is based upon an implied contract to repay such amount, and the debt is not one "fraudulently contracted," within the meaning of the attachment statute of Missouri.

2. SAME—DAMAGES ARISING FROM COMMISSION OF FELONY.
    Such action, however, is one within the provision of such statute authorizing an attachment where the damages sued for "arise from the commission of a felony on the part of the defendant," which does not require the action to be technically grounded on the tort.

This was an action at law by the American Surety Company of New York against Daniel Haynes, in which an attachment was issued. Heard on a plea challenging the validity of the attachment.

W. B. Thompson, for plaintiff.

T. B. Harvey and R. P. Williams, for defendant.

ADAMS, District Judge. This is a suit to recover from the defendant a sum of money paid by the plaintiff as a surety on the bond given by the defendant, as principal, to the St. Louis, Arkansas & Texas Railway Company to insure the fidelity of the defendant as one of the employés of the said railway company. At the time this suit was instituted an affidavit for attachment was made and filed in the language prescribed by the twelfth and fourteenth subdivisions, respectively, of section 521 of the Revised Statutes of Missouri of 1889, as follows: First, under the twelfth subdivision, "That he [the plaintiff] has good reason to believe and does believe that the damages for which the said action is brought are for injuries arising from the commission of a felony on the part of the said defendant;" second, under the fourteenth subdivision, "That the debt sued for was fraudulently contracted on the part of the debtor." Thereupon a writ of attachment was duly issued, and the same was executed by seizing sufficient property of the defendant to answer the demand of the plaintiff. In due course the defendant appeared and filed a plea in the nature of a plea in abatement, denying the alleged grounds of attachment. A jury having been duly waived, the issue created by this plea has been submitted on the proofs.

It appears that the plaintiff heretofore executed and delivered its bond in the penal sum of $3,000 to the St. Louis, Arkansas & Texas Railway Company, thereby insuring the fidelity of the defendant in this case, who was then in the employ of the railway company as its claim agent; that while such bond was in force the defendant converted to his own use and embezzled certain moneys in his hands as such claim agent, exceeding in amount the penalty of the bond; that the plaintiff, recognizing its liability on this bond, paid to the railway company, in discharge of the same, the amount of the penalty thereof, and afterwards instituted this suit by attachment against the defendant, whose fidelity it had insured, and on account of whose infidelity it had been obliged to pay the money to recover the same from him. The only question to be determined is whether the plaintiff's cause of action, under such circumstances, is either for damages or injuries "arising from the commission of a felony on the part of the defendant," or for a debt "fraudulently contracted on the part of the defendant," within the true meaning of the Missouri statute already referred to. If plaintiff's cause of action falls within either of these two classifications, the attachment is valid. If it does not, it is invalid, and should be dissolved. It is clear that the defendant did not embezzle any of the plaintiff's money. The plaintiff's relation to the case is fixed by contract. It contracted with a third party to insure the fidelity of the defendant, and when it paid any money on that contract, and not until then, did it have a cause of action against the defendant. In other words, the embezzlement by the defendant of the money of the

railway company, in and of itself, creates no cause of action in favor of the plaintiff against the defendant. The plaintiff must have indemnified the railway company before it could have a cause of action against the defendant, and then only because of the fact that it had paid out money for the use and benefit of the defendant. Having so paid such money, the law raises a promise on the part of the defendant to repay the same to the plaintiff. It is on this implied promise only that the plaintiff has any standing in court to recover the money sued for. Its action is, therefore, essentially in assumpsit, and not in tort, and cannot, under the interpretation given by the supreme court of Missouri,—which is controlling upon this court on such a question,—be treated as a debt fraudulently contracted, within the meaning of the fourteenth subdivision of the attachment act above referred to. This proposition is conclusively established by the decision of the supreme court of Missouri in the case of Finlay v. Bryson, 84 Mo. 664.

The next question is whether the plaintiff's cause of action is one for damages or injuries "arising from the commission of a felony." It is contended by defendant's counsel that the considerations already stated with reference to the other ground of attachment in question, namely, that "the debt sued for was fraudulently contracted on the part of the debtor," are applicable to this one, and conduce to the same result; and in support of such contention the court is referred to the case of Deering v. Collins, 38 Mo. App. 80. It is true, this case supports the defendant's claim; but, as the court of appeals of Missouri is not the highest judicial tribunal of the state, its interpretation of a statute of the state, while persuasive, is not controlling authority upon the federal courts. With due consideration, therefore, to the reasoning of the learned judge of the court of appeals who wrote the opinion in that case, it becomes the duty of this court to express an independent judgment upon the question there considered, and now before it for adjudication. In Finlay v. Bryson, supra, the sole ground of attachment was that the "debt sued for was fraudulently contracted." The facts in that case disclosed that the defendant had embezzled certain property and money of the defendant. The action was a common count in assumpsit for money had and received by the defendant for the use of the plaintiff. The supreme court of Missouri held that the plaintiff might waive the tort involved in the act of embezzlement by the defendant, if he elected to do so, and, as he had so done, the debt, as sued for, was not fraudulently contracted; and, in concluding his opinion, Mr. Commissioner Martin, speaking for the court, says, "He [the plaintiff] will not be permitted to waive the tort, and to prosecute the defendant for it in the same suit." The court of appeals, in the Deering Case, cites Finlay v. Bryson, and, after quoting somewhat at length therefrom, says, "The second ground of attachment in this case is found in the twelfth subdivision of section 398 [Rev. St. Mo. 1879, which is the same as subdivision 12 of section 521, Rev. St. Mo. 1889], and, like the ground in the fourteenth subdivision, already referred to, relates to the cause of action stated in the petition," and finally assimilates the right to an attachment under the twelfth subdivision to the right thereto under the fourteenth sub-

division, and rules the case before it in supposed harmony to the ruling of the supreme court in the Finlay Case. It seems to me that in such ruling there was a failure to discriminate between the two grounds of attachment referred to. The ground specified in the fourteenth subdivision relates directly to the "debt sued for," and that is the cause of action as set forth. That debt so sued for in the cause of action as stated must itself have been fraudulently contracted. The ground specified in the twelfth subdivision, on the other hand, does not by its terms require that the damages sued for shall be for the felony committed, but provides for an attachment in a case where the damages arise from the commission of a felony. The cause of action sued on, in the purview of this twelfth subdivision, need not, therefore, be technically grounded upon the tort or wrong involved in the felony, as is manifestly required in the case of an attachment in a suit for a debt fraudulently contracted, but must be one only arising from, or having its source in, the felony committed. If the cause of action contemplated by the twelfth subdivision is one only founded in tort upon the felony committed, it is difficult to see the legislative purpose in enacting the twelfth subdivision at all; for, manifestly, such a cause of action would be for a debt fraudulently contracted, and would, therefore, be fully provided for and covered by the fourteenth subdivision. It is a cardinal rule of construction of statutes, as well as contracts, to give each and all of its provisions operative effect. I cannot conceive of a case that would be covered by the twelfth subdivision, and not by the fourteenth subdivision, unless the case at bar, and others like it, are so covered. The case at bar, although in assumpsit, presents a cause of action arising from, originating in, or having its source in, the commission of a felony; and this fact is all that is required to entitle the plaintiff to an attachment under the twelfth subdivision, referred to. I, therefore, conclude that the damages sued for in this case arise from the commission of a felony by the defendant, within the true meaning of the twelfth subdivision of section 521 of the Revised Statutes of Missouri of 1889, and that the attachment should be sustained.