## CONVERSION NOT GROUND FOR ATTACHMENT.

Common Pleas Court of Franklin County.

### H. L. TAYLOR v. CROW MOTOR CAR CO.

Decided, October, 1914.

*Attachment—Does Not Lie on the Ground the Debt Was Fraudulently Contracted—Where the Rights of the Parties Rest on Contract Rather than Tort.*

1. An attachment does not lie on the ground the indebtedness sued on was fraudulently contracted, where it appears that possession of the money which is the subject of the attachment was acquired under the provisions of a contract and title thereto is claimed by the holder under the terms of the said contract.
2. An attachment against a foreign corporation can not be based upon the mere conclusion that the defendant being a foreign corporation is not exempt from attachment; but the affidavit, unaided by the petition, must affirmatively set forth the facts which afford exemption under the statute.

*Belcher & Connor*, for plaintiff.
*Watson, Stouffer & Davis*, contra.

KINKEAD, J.

The case is submitted upon a motion to dismiss an attachment on the ground that the affidavit is insufficient in law; that the al-

legations thereof to the effect that the indebtedness and obligations sued upon were fraudulently contracted, are untrue.

Plaintiffs Taylor and Cooke, under a contract with defendants, became agents to sell the motor cars of the latter. Under the contract they deposited $250 with defendant as a guaranty of good faith. Defendant agreed to apply $50 of the deposit on each of the first five cars sold by plaintiffs. Plaintiffs sold two cars which were fully paid for and defendant applied $100 of the amount deposited. The contract thereafter expired by limitation. It is averred that plaintiffs fully complied with the terms of the contract, and that defendant made no objections to the manner of their compliance.

It is then averred that the balance of the amount ($150) so deposited was wrongfully and fraudulently converted by defendant to its own use and wrongfully and with intent to defraud plaintiffs the defendant converted all of said sum of $150 to its own use. There is a further similar allegation as to converting $4.50 paid by plaintiffs to defendants for an automobile spring under a contract to furnish automobile repairs.

The affidavit avers that defendant fraudulently incurred the obligations, in support of which claim they plead the contract made between the parties in so far as it relates to the deposit of the $250 as a guaranty of good faith.

The affidavit of defendant in opposition to the attachment pleads additional terms of the contract and claims that failure to comply with the conditions thereof warranted it in appropriating the balance of the deposit as and for liquidated damages according to the terms of the contract.

Whether defendant is justified and warranted in so withholding the money deposited by the terms of the contract is not for this court now to decide.

This affidavit and the conditions of the contract and the claim of alleged justification are all sufficient to show that there can be no right in the plaintiffs to an attachment on the ground that the obligation was fraudulently incurred within the statute prescribing that as one of the grounds of attachment.

The rights of the parties clearly rest upon contract, and in no wise sound in tort.

For these reasons it is clear that plaintiffs are not entitled to the attachment which they have obtained in this case.

That the kind of fraud that gives ground for attachment is not present in a transaction where there has been a conversion of property is supported by authority. 4 Cyc., 414; *Bank* v. *Ins. & Trust·Co.*, 1 Disney, 469; *Sunday Mirror Co.* v. *Galvin*, 55 Mo. App., 412; *Finlay* v. *Bryson*, 84 Mo., 664; *Goss* v. *Comrs.*, 4 Cole., 468; *Hughes* v. *Lake*, 63 Miss., 552.

The fact that the money came into the hands of the defendant rightly under a contract, and that it claims it under the terms and conditions of the contract, is conclusive on the question of alleged fraudulent purpose. It demonstrates that the rights of the parties are to be worked out by the contract and the performances thereunder.

As a ground for the attachment it is averred in the affidavit that ''the defendant is a foreign corporation, and it is not exempted from attachment as such; that said defendant is not a resident of the state of Ohio.''

The assertion of this ground of attachment, it is contended, is an attempt by plaintiffs to claim that the defendant being a foreign corporation and not having complied with the statutes relating to corporations doing business in the state, it is therefore subject to attachment in this case on the ground that being a foreign corporation it is not exempted from attachment as such not having complied with the laws of the state authorizing certain classes of corporations to do business in Ohio.

The question presented by the motion to discharge is whether the form of allegation in the affidavit sufficiently negatives the language of Section 11819 and shows that defendant as a foreign corporation is of that kind or class that do not come within Section 183 requiring compliance with the statutes as to registration.

It is stated in *Leavitt* v. *Rosenberg*, 83 O. S., 230, 239:

''The statute does not provide for an attachment against all foreign corporations, but only on those that do not come within the exceptions, so that it is not necessary to negative the exceptions in order that it may appear that the fact that the corporation is a corporation is a ground of attachment.''

The question here made is how the exception shall be negatived, whether in the language of the statute, or whether, as in a pleading, the facts shall be stated ''in the affidavit which will show that the corporation is organized for profit and does not own or use a part or all of its capital or plant in this state.'' It is only that class of corporations that are authorized to do business under either Section 178 or 183 of the General Code, that are exempt from attachment.

The allegation that defendant is a foreign corporation and is not exempted from attachment as such is a mere conclusion. The affidavit must affirmatively show the facts that the corporation is neither of the class embraced within General Code, Sections 178, 183, in order to support an attachment. The affidavit is not aided in this respect by the petition.   See *Edwards Mfg. Co. v. Mill Co.,* 11 C.C.(N.S.), 479; *Edwards Mfg. Co. v. Mill Co.,* 6 N.P.(N.S.), 1.

Conclusions of law have no more force and effect in an affidavit than in a pleading, and encouragement must not be given them.

The motion to dissolve the attachment is sustained.