Tompkins, J.,
delivered the opinion of the Court.
Posey brought his action in the Circuit Court against Buckner, and in that Court obtained judgment and execution. To reverse that judgment, Buckner prosecutes his writ of error.
Posey and Buckner were both non-residents of this State, and the mode of proceeding was by attachment against the property of Buckner in this State. The affidavit required by our statute to be filed before the writ of attachment can be issued^ was made before a Justice of the Peace for Gallatin county, in the State of Illinois^ and the Clerk of the County Court certifies, that he was then an acting Justice duly commissioned! &c., and two of the commissioners of that County Court certify, that *414 the person giving the certificate is Clerk, and that his official acts are entitled to due faith and credit.
The Sheriff returned that he had executed the writ on Greer W. Davis, by attaching all the interest of the said Nicholas Buckner, in the hands of the said Davis, as executor of Alexander Buckner, deceased, in money. The defendant also demurred to the declaration of the plaintiff. The errors assigned and material to be noticed, are,
First. That the Circuit Court refused to dismiss the suit and quash the attachment, on the defendant’s motion to that effect, for want of a sufficient affidavit to authorize the issuing of the same.
Second. For not dismissing the suit on motion, for the failure of the plaintiff to file a bond before the commencement of the suit, to secure the payment of costs, on the ground of his being a non-resident.
Third. That one non-resident cannot obtain an attachment against another.
Fourth. That the Court gave judgment against the defendant, without first disposing of the demurrer.
Fifth. That the Court gave judgment and ordered execution generally against the goods and chattels, lands and tenements, and body of the defendant.
First. In the case of Hays v. Bouthalier, vol. 1, p. 347, of Missouri Decisions, it was decided that an affidavit, such as the present, was sufficient to authorize the Circuit Court to issue an attachment.
Second. In the case of the Governor v. Rector, same vol., p. 638, it was decided that after a motion to dismiss a suit is made for want of security for cost, such security may then be given.
The provision for costs in that case was made by the 22d section, in this by the first section of the act concerning costs, passed January, 1825. In the opinion then delivered, both sections are reviewed, and_ it was the opinion of the Court, that in each case provided for by the two sections, security for costs might be given after motion to dismiss for want thereof; no reason is seen why that opinion should be overruled.
Third. No reason is seen why the writ of attachment should be restricted to residents. The first section of the act of 1825, giving the remedy by attachment, (see Digest, p. 144,) gives it in all cases where any creditor, or creditors shall file or cause to be filed, &c.
Fourth. By the second section of the act supplementary to the act to provide a method of proceeding against absent and absconding debtors, passed 17th Jan., 1831, (see p. 10,) the defendant may appear and plead without giving bail or entering into any bond. The Circuit Court should then have disposed of the demurrer.
Fifth. By the 7th section of the act of August, 1825, (see Digest, p. 147,) when the defendant fails to appear, judgment shall be entered as usual; but execution shall only go against the property attached. No motion was made in the Circuit Court to set aside the execution. It is useless to say, then, any thing on the subject.
It is assigned also for error that the Circuit Court gave compound interest; nothing appears to us to induce a belief that such interest was given. Inasmuch then as it appears that the Circuit Court did not dispose of the defendant’s demurrer to the declaration, its judgment is reversed, and this cause is remanded for further proceedings in conformity with this opinion.