JEREMIAH OREAR, Appellant, *vs.* E. N. O. CLOUGH, Respond-
ent.

1. *Practice, civil—Defendant, appearance of, to have case put at foot of docket, etc.*—The appearance of a party for the purpose of having his case put at the foot of the docket gives the court such jurisdiction as to authorize the rendition of a personal judgment against him.

2. *Attachment—Garnishment—Non-Resident defendant—Jurisdiction, etc.*—Delivery of a copy of the writ to a defendant residing in another state (W. S., 1009. § 181,) and garnishment of a judgment debtor of defendant upon an attachment issued against defendant, is sufficient to give the court trying the cause jurisdiction till the attachment proceedings are determined.

*Appeal from Platte Circuit Court.*

*Hill & Doniphan,* for Appellant.

I. The only question properly here is that of jurisdiction in the inferior court. The appearance of the defendant at the April term, A. D. 1870, and placing the cause at the foot of the docket was an appearance which gives jurisdiction. (Rector vs. St. Louis Circuit Court, 1 Mo., 607; 3 Mo., 40; *Id.*, 369 5 Mo., 443; 6 Mo., 50; 7 Mo., 411; 8 Mo., 257; 13 Mo., 154; 26 Mo., 180; 1 Comst., 227.)

II. The service by copy in Kansas, proved by affidavit, was sufficient and complied with the law and gave the court jurisdiction and entitled plaintiff to a judgment on his note. (Gen. Stat., 1865, ch. 164, p. 655, § 18.)

*Clough & Wheat,* for Respondent.

I. The suit was properly dismissed by the Circuit Court. The defendant was a non-resident, and no jurisdiction was acquired by service of a summons, or by the attachment of any property.

Clough and Belt were garnisheed, but answered and were finally discharged with judgment in their favor against plaintiff for costs, and without exception by plaintiff.

A certain judgment in favor of E. N. O. Clough was attempted to be attached, but a judgment is not the subject of garnishment or attachment. (Hodson vs. McConnell, 12 Ills., 170; May vs. Baker, 15 Ill., 89; Dawson vs. Holcomb, 1 Ohio, 135; Zurcher vs. Mager, 3 Ala., 253; Turner vs. Fendall, 1

Cranch, 117; Kergin vs. Dawson, 1 Gilm., 89–90; Ross vs. Clarke, 1 Dall., 354; Wilder vs. Bailey *et al.*, 3 Mass., 289; Reddick vs. Smith, 3 Scam., 451–2; Williams vs. Rogers, 5 Johns., 167.)

II. Even if defendant, E. N. O. Clough, actually asked that the case be put at the foot of the docket, that was not such an appearance as would waive the service of a summons. It is no *pleading*. (Fithian vs. Monks, *et al.*, 43 Mo., 515.)

III. The personal service of the petition and writ on defendant in Kansas had the same effect as service by publication, and no more; and unless the property was attached within the jurisdiction of the court, the court did not thereby obtain jurisdiction. (W. S., 1009, § 18; Latimer vs. The Union Pacific Railway, E. D.; 43 Mo., 105; Fithian vs. Monks, *et al.*, 43 Mo., 515.)

ADAMS, Judge, delivered the opinion of the court.

This was a suit by attachment against the defendant as a non-resident of this State. The writ was served on the defendant in the State of Kansas under the 18th section of the 4th article of the Practice Act (2 W. S., 1009,) by delivering to the defendant in the State of Kansas a copy of the petition and writ. Several garnishees were summoned and answered denying indebtedness, and a judgment in favor of the defendant against James S. Bryant rendered in the Platte Circuit Court had been attached, and the sheriff who sold lands under this judgment was garnished.

It also appears from the record that the defendant appeared in the cause and had the case put at the foot of the docket.

When the case was thus standing before the court an entry was made dismissing the cause for want of jurisdiction and rendering final judgment against the plaintiff for costs.

The plaintiff moved the court to set aside the dismissal and judgment and to reinstate the case, and the court overruled this motion and the plaintiff duly excepted and has brought the case here by appeal.

The assumption that the court had no jurisdiction over the defendant, as the record stands before us, is without founda-

tion. His appearance to have the case put at the foot of the docket gave the court such jurisdiction as to render a personal judgment against him. Besides, the service of the writ and petition in Kansas was equivalent to an order of publication. His property was also attached, that is, garnishees had been summoned and a judgment in his favor attached, and the proceedings against the garnishees were still pending and undetermined.

Whether they owned anything, or not, or whether the judgment that had been attached was his property, or had been transferred to an innocent purchaser, were matters still to be tried. There was sufficient jurisdiction over the defendant to hold him till a final trial of the matters in litigation could be had.

In my opinion the court erred in dismissing the case, and for this reason the judgment will be reversed and the cause remanded.

The other Judges concur.