———o———

HENRY W. PETERS, Appellant, vs. ST. LOUIS AND IRON MOUNTAIN RAILROAD COMPANY, Respondent.

1. *Practice—Appearance—What gives court jurisdiction.*—Where a party appears so far as to consent to a continuance, he thereby waives any insufficiency of summons, and brings himself within the jurisdiction of the court.

*Appeal from St. Louis Circuit Court.*

*Lee & Adams,* for Appellant, cited in argument Baiser vs. Lasch, 28 Wis., 268; Griffin vs. VanMeter, 53 Mo., 431; Orear vs. Clough, 52 Mo., 55; Tower vs. Moore, 52 Mo., 118.

*Dryden & Dryden,* for Respondents.

VORIES, Judge, delivered the opinion of the court.

This action was brought before a justice of the peace under the fifth section of the act concerning Justices Courts, (2 Wagn. Stat., 809, 810) to recover fifty dollars, the value of a cow killed by the cars of defendant, being used on its railroad.

A summons was issued by the justice on the 23d day of September, 1871, and was made returnable on the 13th day of October, 1871. The summons was returned by the constable on the return day with the following return endorsed theron:

"Executed this writ in St. Louis township, this 29th day of September, 1871, by delivering a true copy thereof to L. B. Clark, treasurer of the within named company, the president or other chief officer not being found."

The docket entries made by the justice, are as follows:

Henry W. Peters vs. The St. Louis and Iron Mountain Railroad.

"Summons on demand filed for damages, amounting to $50 00, issued to constable O'Connell, September 23d, 1871, returnable 13th October, 1871, returned executed. On the return day parties appeared, and cause by consent continued to October 20th, 1871. On this day parties appeared and defendant files motion to dismiss the case for want of sufficient service. Motion taken under advisement and cause continued to October 27th, 1871. On this day the case being called, the plaintiff appeared, and motion to dismiss is overruled by the justice. The defendant being called comes not, but makes default; cause investigated and submitted to the justice, who adjudged that the plaintiff have judgment against the defendant for the sum of fifty dollars for his damages, together with costs of suit, etc.,"

It appears that the defendant appeared on the same day with the rendition of the judgment, and filed a motion to set aside the judgment rendered against it by default, which being overruled, it appealed to the St. Louis Circuit Court.

In the Circuit Court, the defendant appeared and moved the court to dismiss the case for the reason that the justice of the peace, before whom the cause was commenced, never acquired jurisdiction of the person of the defendant, and that said Circuit Court had not, and ought not, to have jurisdiction of the same. This motion was overruled by the court, and the defendant excepted. The defendant refused to further appear in the cause, and the Circuit Court afterwards affirmed the judgment of the justice, and rendered final judgment against the defendant. From this last judgment the defendant appealed to the General Term of said Circuit Court. The court at General Term reversed the judgment rendered against the defendant, and rendered a judgment dismissing the plaintiff's suit. From this last judgment the plaintiff has appealed to this court.

There are only two questions presented in this court for our consideration. The first is, as to the sufficiency of the service of the summons on the defendant, as indicated by the return made thereon by the constable. And secondly, it is insisted by the plaintiff that the appearance of the defendant at the return day of the summons, and by an agreement continuing the cause to a subsequent day, was such an appearance to the action as waived any defect in the service, and the court having jurisdiction over the subject matter of the action became by the defendant's own act possessed of jurisdiction over the defendant itself.

With the view which we have taken of this case, it becomes wholly unnecessary to pass upon the first question raised by the parties to the cause. From the justice's docket entries, it appears that the day fixed for the appearance of the defendant by the summons was the 13th day of October. It further appears that the parties appeared at the time fixed in the summons, and by their consent or agreement the case was continued until the 20th day of October, 1871. On this last named day the defendant again appeared and then moved to dismiss the case on the ground the service was not sufficient. It is a general rule that where a defendant appears to an

action and takes any step in the cause preparatory to its defense, without first objecting to the service, the sufficiency of the service is thereby waived. In a late case decided in this court, where the party had been served in another State it was held that the service could amount at most to service by publication, but the party appeared in court, and without first objecting to the service, asked that the case be placed at the foot of the docket, which was done. He afterwards objected to the service. It was held by this court that the appearance by the defendant, and having the case put at the foot of the docket, was such an appearance as waived the service of a summons and gave the court jurisdiction over the person of the defendant, and that a personal judgment could properly be rendered against him, and there are several other cases to nearly the same effect. (Orear vs. Clough, 52 Mo., 55; Tower vs. Moore, *Id.*, 118; Griffin vs. Van Meter, 53 Mo., 430.)

It seems to me that this case is a much stronger case for the plaintiff than the case of Orear vs. Clough; if it is an appearance to simply place the case at the foot of the docket, it certainly must be an appearance, to appear, and by consent, have the case continued for seven days.

The General Term improperly reversed the judgment rendered at Special term, and improperly dismissed the plaintiff's action. The judgment rendered by the General Term, reversing the judgment of the Special term, and dismissing the plaintiff's action, will therefore be in all things reversed, and the judgment rendered by the special term of the Circuit Court, will be affirmed. The other judges concur.