BAISLEY, *Plaintiff in Error*, v. BAISLEY.

Division Two, January 31, 1893.

1. **Practice**: NON-RESIDENTS, SUITS BETWEEN. One non-resident may bring suit, either *in personam* or *in rem*, against another non-resident in any county in this state.

2. ———: ———: SERVICE OF PROCESS. A non-resident voluntarily attending court in this state is amenable to ordinary civil process in another action.

3. ———: CHANGE OF VENUE: RES JUDICATA. Where a change of venue is taken to another county, after a decision to a plea to the jurisdiction, on the ground that both parties were non-residents, the question of jurisdiction becomes *rem judicatam*, and cannot be raised in the court to which the cause is removed so long as the decision therein is unreversed.

4. ———: ———: WAIVER. An application for a change of venue is a waiver of all questions of proper service of process, and admits jurisdiction of the person.

5. ———: CONTINUANCE: WAIVER. A continuance by agreement of parties is tantamount to a general appearance, and waives the question of jurisdiction.

*Error to Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

REVERSED AND REMANDED.

ACTION for libel; both parties are residents of Baker county in the state of Oregon.

The defendant had brought a suit by attachment against the plaintiff, who owned a farm in Chariton county. While the suit by attachment was pending in Chariton county, and while the suit by attachment was in progress of trial, and while both parties were in attendance thereon, the present action was brought by plaintiff and service had on defendant in usual form, October 23, 1885. Defendant, appearing only for the purposes of the plea, pleaded to the jurisdiction of the court on the ground of the non-residence of both parties to this action, as aforesaid.

In January, 1887, the plea to the jurisdiction, on the conceded facts mentioned, was heard and the finding thereon was adverse to the defendant, and judgment on said plea was entered accordingly, to which action of the court the defendant excepted and filed his bill of exceptions. The libel in question was

published in Chariton county, Missouri, through the medium of a letter written by defendant while in Oregon to one Colvin, resident of Chariton county, where this suit was brought.

After the adverse ruling and judgment on the defendant's plea to the jurisdiction, he filed his application for a change of venue, and by agreement the change was made to the circuit court of Carroll county.

The record and papers in the cause having been transmitted to the Carroll circuit court, the cause was docketed for the March term, 1887, at which term the cause was continued by *"agreement of plaintiff and defendant to the next term of said court."* At the next term the defendant took leave to file his answer in vacation. Complying with this permission, he filed his answer, in which he renewed his plea to the jurisdiction of the court on grounds similar to those already stated, and he also pleaded to the merits of the cause.

The plaintiff replied with a general denial, and also a plea of former adjudication on the plea in abatement. A jury being waived, the cause was heard on the facts aforesaid, only the plea to the jurisdiction being tried. The trial resulted in a judgment for the defendant and plaintiff appeals.

*Kinley & Kinley* for plaintiff in error.

(1) The action for libel is a transitory action, and can be sustained in any court having jurisdiction of parties and subject-matter. *Mason v. Warner*, 31 Mo. 508. (2) By voluntarily coming into the state of Missouri defendant submitted himself to the jurisdiction of its courts and the laws of the state. If he was served with process in such manner as would be binding upon an inhabitant of the state, the court had jurisdiction over his person. *Mowry v. Chase*, 100 Mass. 79;

*Murphy v. Waiter*, 18 Ga. 600; Freeman on Judgments [3 Ed.] sec. 566.   (3) The statute of Missouri authorized the service of a non-resident defendant in any county where he might. be found.   There is no limitation to this, and no reservation as to the plaintiff. Revised Statutes, 1879, sec. 3481; *Christian v. Williams*, 20 S. W. Rep. 96.   (4) The judgment against defendant, on the plea to abate the suit filed by defendant in the circuit court of Chariton county, and determined under the agreement as to the facts, sustaining the jurisdiction of the court as to defendant, was a bar to any further pleading or defense in the case on the grounds contained in said plea, so long as said judgment remained unreversed.   *Kaufman v. Schneider*, 35 Ill. App. 256; *McDowell v. Railroad*, 14 S. W. Rep. 338; *Almy v. Daniels*, 15 R. I. 312; *Hawk v. Evans*, 76 Iowa, 593; *Johnson v. Latta*, 84 Mo. 139; *Grier v. Jones*, 54 Ga. 154: *Langford v. Railroad*, 20 Ala. 532; *Wooley v. Banking Co.*, 81 Ky. 527; *Sharon v. Hill*, 26 Fed. Rep. 337; *Obear v. Gray*, 73 Ga. 455; *Frauenthal's Appeal*, 100 Pa. St. 290; *Dwight v. St. John*, 25 N. Y. 203; *Hoge v. Norton*, 22 Kan. 374; Herman on Estoppel, sec. 472.   (5) Even if the court had not acquired jurisdiction of defendant by summons, yet the application of defendant for a change of venue from Chariton county was a waiver of the lack of such jurisdiction by the defendant, and, therefore, plaintiff's third instruction should have been given.   *Feedler v. Schroeder*, 59 Mo. 364; 1 McQuillin's Pleading and Practice, par. 141; *Hembree v. Campbell*, 8 Mo. 572.   (6) The continuance of the case at the March term, 1887, of the Carroll county circuit court, made by "agreement of plaintiff and defendant," was also an appearance, and a waiver of jurisdiction of the person by defendant.

*C. Hammond & Son* for defendant in error.

(1) The circuit court had no jurisdiction of defendant; both plaintiff and defendant being non-residents, and defendant having been served while attending as a party the trial of a cause in the Chariton circuit court. Revised Statutes, sec. 2009; *Person v. Grier*, 66 N. Y. 124; *In re Healy*, 53 Vt. 694; *Halsey v. Stewart*, 4 N. J. L. 366; *Hurst's Case* 4 Dall. 388; *Small v. Montgomery*, 23 Fed. Rep. 707. (2) The defendant has not waived the question of jurisdiction in any way. *Christian v. Williams*, 20 S. W. Rep. 96. (3) The question in this case is one of original jurisdiction, and that is properly before this court. The exceptions of defendant to the ruling of the circuit court on his first plea to the jurisdiction are part of the record brought here by the plaintiff in error.

SHERWOOD, J.—The fourth clause of section 2009, Revised Statutes, 1889, provides that: "When all the defendants are non-residents of the state, suit may be brought in any county in this state." It will be observed that this clause is without limitation or restriction.

Suits then, that is, *all* suits, whether by proceedings *in rem* or *in personam*, are allowed to be brought in any county in this state against a non-resident, and the mere fact of the party's non-residence, without more, is one of the grounds for an attachment. *Ibid.*, sec. 521. From an early day in this state it has been ruled that one non-resident may sue another by attachment in this state. *Posey v. Buckner*, 3 Mo. 604; *Graham v. Bradbury*, 7 Mo. 281; though the statute concerning attachments contains no mention of non-residents as *suitors* in our courts.

When the action is commenced by attachment the suit must contain a summons to the defendant. Revised Statutes, 1889, sec. 538. Whether the present plaintiff was personally served with process in the attachment suit, does not appear; but if he was, then such service would authorize a *general* judgment against him; and the like result would follow if he entered his appearance to the action. Revised Statutes, 1889, sec. 561. So that, if the contention of the defendant is to prevail, it would be perfectly competent for *him* to recover a general judgment against the *plaintiff* in his *attachment suit*, but very improper and illegal for the plaintiff to recover a like judgment against *him* in the *libel* suit.

In the recent case of *Christian v. Williams*, 111 Mo. 429, we held that where a person was attending court in this state in the capacity of party in a county other than that of his residence, that he might be sued in the county of the *forum* of his attendance, and that under the first clause of said section 2009, he was "*found*" within the meaning of that clause, if the sheriff served process on him, and that in such circumstances he could not successfully plead to the jurisdiction of the court where he was thus served. In thus construing that clause of the section, we gave the word "*found*" its ordinary meaning, and we do not see why we should not do the like in construing the fifth clause of same section, and accord to its words their usual import and customary meaning. The defendant is a non-resident; being such, he may be sued in any county in the state; for so the statute provides, and it must control. The statute makes no exceptions, and we are not authorized to make any.

Besides, the defendant, by voluntarily coming into the state of Missouri, subjected himself to the jurisdiction of our courts; certainly so under the statutory

provisions already cited. *Mowry v. Chase,* 100 Mass. 79; *Murphy v. Winter & Co.,* 18 Ga. 690; 2 Freeman on Judgments [4 Ed.] sec. 566.

Again no authority goes to the extent of holding that a person going into another state may not be sued just like an inhabitant of such state; and it is difficult *on principle* to see why a non-resident may be validly served with summons in a civil action *a few days before* court convenes, and yet the service of similar process be invalid the *day after* court convenes.

We think the better rule is that announced in Connecticut, where it is held that a non-resident party plaintiff who voluntarily attends court in that state is as amenable to ordinary civil process in another action, as if he were a resident. *Bishop v. Vose,* 27 Conn. 1.

II. But granting that the defendant is right in his contention that the service of process upon him in this action was invalid by reason of the matters set forth in his plea to the jurisdiction of the Chariton circuit court, how can his contention prevail against the solemn judgment of that court deciding that plea and the matters therein contained against him? That judgment still stands unappealed from and unreversed, and therefore the matters contained in that plea have passed *in rem judicatam.* 1 Herman on Estoppel, sec. 472; *Dwight v. St. John,* 25 N. Y. 203; *Obear v. Gray,* 73 Ga. 455; *Hawk & Co. v. Evans,* 76 Iowa, 593; *Frauenthal's Appeal,* 100 Pa. St. 290; *Almy v. Daniels,* 15 R. I. 312; *Kaufman v. Schneider,* 35 Ill. App. 256; *Woolley v. Banking Co.,* 81 Ky. 527; 2 Black on Judgments, secs. 691, 692.

And the rendition of the judgment by the Chariton circuit court on the issue joined as to jurisdiction was equally a bar whether correct or erroneous. *Hagerman v. Sutton,* 91 Mo. 519, and cases cited. When that judgment was rendered, the question of jurisdiction

was no longer at issue in the case; this must be true or else the proceedings on the question of jurisdiction in the Chariton circuit court, inclusive of the judgment rendered on the defendant's plea, only amounted to a *judicial farce.* If the defendant had been desirous of properly saving his exceptions to the action of that court, he should have filed his motion to set aside the judgment and for a new trial, and, upon that motion being overruled, he should have saved and preserved his exceptions, but even then the question of jurisdiction would still have been *res judicata* in the Carroll circuit court; nothing but the revising hand of an appellate court could have corrected the error, if error there was, in the ruling and adjudication of the court of first instance. When, therefore, the cause reached the Carroll circuit court, the question of jurisdiction being no longer an open one, there was nothing left for the Carroll circuit court to try but the cause on its merits.

III. But, aside from anything contained in the foregoing observations, all right to question the jurisdiction of the Chariton circuit court ceased when the defendant applied for a change of venue. This was such an appearance as waived proper service of process and admitted the jurisdiction of the court over the person of the defendant. *Feedler. v. Schroeder*, 59 Mo. 364. And that court certainly had jurisdiction over the subject-matter of the action, to-wit, over that class of cases.

IV. But further on that head: When, as already stated, the cause reached the Carroll circuit court, the cause was continued by *"agreement of plaintiff and defendant to the next term of said court."* This too was tantamount to a general appearance by the defendant in the case. *Bohn v. Devlin*, 28 Mo. 319; *Orear v. Clough*, 52 Mo. 55; *Peters v. Railroad*, 59 Mo. 406.

The case of *Higgins v Beckwith*, 102 Mo. 456, holds nothing to the contrary of what is here asserted.

V. We reverse the judgment and remand the cause to the Carroll circuit court to be tried *on its merits;* as, for the reason stated, the circuit court of Chariton county had jurisdiction of the parties, and, even if it had not, its ruling and judgment, no steps having been taken to set aside the same, were *res judicata*, and precluded all further inquiry into the question of jurisdiction. GANTT, P. J., concurs, BURGESS, J., not sitting.