(December 30, 1895.)

## GUYNN v. McDANELD.

[43 Pac. 74.]

PRACTICE—SERVICE OF SUMMONS ON NONRESIDENT.—M., being a non-resident in attendance upon a term of the United States circuit court for the district of Idaho as plaintiff in a suit brought by him against G., a resident of Idaho, was not exempt from service of a summons in an action commenced by G. against him, in the district court of Idaho.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

Hawley & Puckett and Reeves & Terrell, for Appellant.

A plaintiff voluntarily commencing proceedings in a juris-diction in which he does not reside certainly should not com-plain if the laws of the place selected by him to settle his dif-ferences with others are invoked in turn by those having claims against him. Our statute contemplates service in a suit brought in the state upon a defendant found within the state limits. (Rev. Stats., secs. 4143, 4149.) It has been held that while nonresident witnesses may not be served with summons, such rule does not apply to parties. (*Jenkins v. Smith*, 57 How. Pr. 171; *Hopkins v. Coburn*, 1 Wend. 292.) The protection ac-corded to a suitor is limited to exemption from arrest and does not extend to the service of process, which does not interfere with or prevent his attendance. (*Bours v. Tulkerman*, 7 Johns. 538; *Hopkins v. Coburn*, 1 Wend, 292; *Grove v. Cambell*, 9 Yerg. 7; *Page v. Randall*, 6 Cal. 32.) The defendant by vol-untarily coming into this state subjected himself to the juris-diction of our courts. (Freeman on Judgments, 566; *Mowry v. Chase*, 100 Mass. 79; *Hardenbrooks' Case*, 8 Abb. Pr. 416; *Pollard v. Union Pac. R. R.*, 7 Abb. Pr. 70; *Murphey v. Winter*, 18 Ga. 690; *Page v. Randall*, 6 Cal. 32; *Capwell v. Sipe*, 17 R. I. 475, 33 Am. St. Rep. 890, 23 Atl. 14; *Baldwin v. Emerson*, 16 R. I. 304, 27 Am. St. Rep. 740, 15 Atl. 83; *Bishop v. Vose*, 27 Conn. 1; *Baisley v. Baisley*, 113 Mo. 544, 35 Am. St. Rep. 726, 21 S. W. 29; *Christian v. Williams*, 111 Mo. 429, 20 S.

W. 96; *Mullen v. Sanborn,* 79 Md. 364, 47 Am. St. Rep. 421, 29 Atl. 522.)

E. M. Allison, Jr., George H. Stewart, and Eden & Warner, for Respondent.

A person who goes into a jurisdiction outside of that of his residence to attend the trial of a cause to which he is a party, or to testify therein as a witness, is exempt from the service of process in another proceeding. (*Mitchell v. Huron,* 53 Mich. 541, 19 N. W. 176; *Halsey v. Stewart,* 4 N. J. L. 366; *Andrews v. Lembeck,* 46 Ohio St. 38, 15 Am. St. Rep. 547, 18 N. E. 483.) Suitors should feel free and safe at all times to attend within any jurisdiction outside of their own upon judicial proceeding in which they are concerned, and which require their presence, without incurring the liability of being picked up and held to answer some other adverse judicial proceeding against them, is so far a rule of public policy that it has received almost universal recognition wherever the common law is known and administered. (*Matthews v. Tufts,* 87 N. Y. 570; *Person v. Grier,* 66 N. Y. 124, 23 Am. Rep. 35; *In re Healey,* 53 Vt. 694, 38 Am. Rep. 713, and note; *Thompson's Case,* 122 Mass. 428, 23 Am. Rep. 370; *Wilson v. Donaldson,* 117 Ind. 356, 10 Am. St. Rep. 48, 20 N. E. 250; *Mitchell v. Judge,* 53 Mich. 541, 19 N. W. 176; *Wilson Co. v. Wilson,* 22 Fed. 803; *Small v. Montgomery,* 23 Fed. 707; *Kaufman v. Kennedy,* 25 Fed. 785; *Dungan v. Miller,* 37 N. J. L. 182; *Massey v. Colville,* 45 N. J. L. 119, 46 Am. Rep. 754.) Not only do the courts place the exemption from service of process upon the ground of public policy and to promote the due administration of justice, and call the privilege one that is personal to the witness or suitor, but it is also regarded as a privilege of the court before which the witness or suitor is in attendance. (*Bolgania v. Gilbert Lock Co.,* 73 Md. 132, 25 Am. St. Rep. 582, 20 Atl. 788; *Parker v. Marco,* 136 N. Y. 585, 32 Am. St. Rep. 770, 32 N. E. 989; *Bridges v. Sheldon,* 7 Fed. 44; *Juneau Bank v. McSpedan,* 5 Biss. 64, Fed. Cas. No. 7582.) While the statute in question, if construed literally, might justify such a construction as contended for by counsel, yet it is plainly

apparent that the legislature never intended by such words of general import to abrogate or abolish that universal rule of state comity giving immunity to suitors and witnesses from other jurisdictions from service of process. This question has been raised in other courts, and the position taken by appellant's counsel in the case at bar has been uniformly held to be unsound and erroneous. (*Reed v. Browning,* 130 Ind. 575, 30 N. E. 704; *Wilson v. Donaldson,* 117 Ind. 356, 10 Am. St. Rep. 48, 20 N. E. 250; *Andrews v. Lembeck,* 46 Ohio St. 38, 15 Am. St. Rep. 547, 18 N. E. 483.)

HUSTON, J.—This is an appeal from an order and judgment of the district court for Bannock county quashing service of summons. Defendant is a resident of the state of Illinois, and while attending the United States circuit court at Boise City, in this state, as plaintiff in a suit which he had brought against the plaintiff, was served with summons in this action brought against him by plaintiff. The only question before us is, Is a nonresident plaintiff exempt from service of summons in a civil suit while in attendance upon a court within this state as plaintiff? This question has frequently been before the courts of this country, both state and federal; and, while there has been pretty general uniformity in the decisions of the federal courts, those in state courts have been almost distractingly variant.

The Revised Statutes, section 4123, provides under title 4, "Of the Place of Trial of Civil Actions," *inter alia,* as follows: "If none of the defendants reside in the state, or, if residing in this state, the county in which they reside is unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in his complaint, and if the defendant is about to depart from the state such action may be tried in any county where either of the parties reside or service is had." Section 4143 provides that "the summons may be served by the sheriff of the county where the defendant is found," etc. These, we believe, are all the provisions of our statute pertinent to this question. The first case cited in the brief of

counsel for respondent is that of *Mitchell v. Circuit Judge,* 53 Mich. 541, 19 N. W. 176. This was the case of a resident of the state, who, while attending court in a county other than that of his residence, was served with process in a civil suit. The decision was based largely upon the fact that the party was a necessary witness, although Judge Cooley, it is true, uses the following language in his decision: "Public policy, the due administration of justice and protection to parties and witnesses, alike demand it. There would be no question about it if the suit had been commenced by arrest; but the reasons for exemption are applicable, though with somewhat less force, in other cases also." Primarily, we think, the exemption extended only to cases of arrest, and was applicable only to the case of witnesses. An examination of the authorities cited by Judge Cooley in *Mitchell v. Circuit Judge, supra,* will show that a large majority of them arose in cases of witnesses. Still, in those courts where the rule contended for by respondent has been recognized, it has very generally been extended to parties as well as to witnesses. In *Wilson v. Donaldson,* 117 Ind. 356, 10 Am. St. Rep. 48, 20 N. E. 250, in the case of a nonresident defendant sued while returning from attending a suit brought against him by the same plaintiff in the state of Indiana, the court says: "The contention of appellant's counsel is that the fact that the appellee was in Indiana, in attendance upon court as a party to an action which he had brought against him, and for the purpose of testifying as a witness, does not entitle him to avoid the summons served upon him while in this state. Our statute is broad enough to sustain this contention if we take it apart from all the other rules of the law, for it provides that in cases of nonresidents an action may be commenced and summons served in any county where they may be found. But a statute is not to be isolated from the great body of the law of which it forms a part. On the contrary, it is to be taken as forming part of one great system, and is to be construed with reference to coordinate rules and statutes." We confess that such a rule of construction seems to us something more than novel; it is startling. It is not predicated upon any rule of *pari materia,*

but is, it seems to us, in conflict with those elementary principles which recognize the definitive distribution of governmental power in both our state and federal systems. If courts can set aside the positive provisions of a statute upon the specious plea that it is not in accordance with the court's idea of "the eternal fitness of things," as applied to legislation, it is difficult to conceive the limit of judicial power through the medium of construction. Great as is our respect for the court from which this decision emanates, we cannot accept its conclusions in this matter. Neither are we able to concur in the view of Judge Cooley as expressed in *Mitchell v. Circuit Judge, supra,* in support of the same rule, that "public policy, the due administration of justice and protection to parties and witnesses, alike demand it." Let us see. We will suppose that in a given case a creditor, resident of the state of Illinois, sues a debtor, citizen of the state of Idaho, in the courts of Idaho. The debtor, we will suppose, has a meritorious cause of action against the creditor, but it is of a character not permissible under the rules of practice to be litigated in the suit instituted by the creditor, and the debtor is presumably too poor to enter upon the assertion of his rights in a suit which would involve the expense of taking his witnesses from Idaho to Illinois, and supporting them there during what the wealthy creditor might make interminable litigation. Would not this be a palpable denial of justice? The nonresident has sued his debtor in a forum selected by himself wherein to enforce his claimed rights, but he will not submit to have the claims of his debtor adjudicated in the same forum. Why? Because, by compelling him to seek another forum, he thereby subjects him to conditions which simply amount to a defeat of his claims. If the courts of Idaho can, in the opinion of a litigant, protect his rights in one case, it would seem that they ought to be equally adequate in another. We are tardy in recognizing a rule which seems to us capable of being wrested to the infliction of such palpable injustice, more especially as our statutes admonish us thus: "Revised statutes establish the law of this state respecting the subjects to which they relate, and their provisions and all proceedings under them are

to be liberally construed with a view to effect their objects and promote justice." (Rev. Stats., sec. 4.)

While it may be conceded that perhaps, including the decisions of the federal courts, a majority of decisions are contrary to our view, still we are "sustained and soothed" by the reflection that our position has the support and concurrence of very many of the most highly esteemed courts of the country. Say the supreme court of Rhode Island in discussing the rule under consideration, in *Baldwin v. Emerson,* 16 R. I. 304, 27 Am. St. Rep. 740, 15 Atl. 83: "We think it would rarely happen that the attention of a nonresident plaintiff or defendant would be so distracted by the mere service of a summons from the immediate business in hand in prosecuting or defending a pending suit that the interests of justice would suffer in consequence, or that the liability to such service would often deter them from prosecuting or defending their just claims or rights. The reasons assigned for the exemption would apply equally as well to resident as to nonresident suitors, and it has never been deemed necessary to exempt resident suitors from the service of a summons so far as we have been able to find, except in the single state of Pennsylvania. We think these reasons are fanciful, rather than substantial." (See, also, *Capwell v. Sipe,* 17 R. I. 475, 33 Am. St. Rep. 890, 23 Atl. 14; *Bishop v. Vose,* 27 Conn. 1; *Christian v. Williams,* 111 Mo. 429, 20 S. W. 96; *Baisley v. Baisley,* 113 Mo. 544, 35 Am. St. Rep. 726, 21 S. W. 29; *Mullen v. Sanborn,* 79 Md. 364, 47 Am. St. Rep. 421, 29 Atl. 522; *Page v. Randall,* 6 Cal. 32.)

The order and judgment of the district court are reversed, with costs, and the cause remanded for further proceedings.

Morgan, C. J., and Sullivan, J., concur.