PARMENTIER v. CASSIES.

(First Division. Juneau. April 6, 1914.)

No. 1103–A.

PROCESS ⟨key⟩119—PARTIES—PLAINTIFF.

A nonresident plaintiff, who comes voluntarily into Alaska to prosecute a suit for the foreclosure of a mortgage made by defendant to the plaintiff at a time when both were residents of Alaska, may be served with process in a suit begun against him by the defendant in the foreclosure suit, to recover for items of indebtedness for money alleged to have been borrowed by him and for board and lodging furnished to him by the said defendant in the foreclosure suit; while he was such resident of Alaska; motion to quash service denied.

J. R. Winn and N. L. Burton, both of Juneau, for plaintiff.

Cheney & Zeigler, of Juneau, for defendant.

JENNINGS, District Judge. Henry Cassies brought a suit in this court against Arthemise Parmentier to foreclose a mortgage on certain property in the city of Juneau. This suit was numbered 1081–A. In said suit Arthemise Parmentier filed an answer alleging that the note and mortgage were without consideration, were procured by fraudulent representations and abuse of trust; that, instead of her being indebted to Cassies, the latter actually owed her a large sum for money paid out on account of Cassies, and for money borrowed by him and for board and lodging furnished to him.

This court held, in said cause, that the items of money paid, money loaned, and board and lodging furnished could not be pleaded as counterclaims in the suit brought to foreclose the mortgage.

Whereupon on the 23d day of March, 1914, said Parmentier commenced in this court action No. 1103–A against

said Cassies to recover a judgment at law against Cassies for said alleged items of indebtedness.

Personal service in this action was had on Cassies. He makes a special appearance in said action and moves to quash the service of summons, basing said motion on affidavits setting forth the following, to wit:

(1) That he is a nonresident of Alaska.

(2) That he came to Alaska on a telegram from Z. R. Cheney, his attorney in cause No. 1081–A, to consult with his said attorney, in reference to said cause and to prepare for the trial thereof, and that "he is a necessary and material witness in the trial of cause No. 1081–A, and that it would be unsafe to have said cause brought on for trial without his presence in court; that it was absolutely necessary for him to have a personal consultation with his attorney in said cause No. 1081–A before the same should be tried, and that his attorney was unable to ·prepare said cause for trial without his personal assistance," and that immediately on his arrival at Juneau he was served with summons in this action.

The material parts of this showing are sought to be met by the affidavits of plaintiff herein and of her attorney, J. R. Winn. These answering affidavits deny categorically that there was any necessity for the presence of defendant in Alaska at the time he was served. On this point, however, the preponderance of the proof is in favor of defendant. The answering affidavit of plaintiff herein also alleges that:

"The different causes of action set forth in. this case are upon certain transactions which took place between this plaintiff and defendant covering a period of about four years and all of the money advanced, intrusted to, or turned over to said defendant was done so at Juneau, Alaska, or sent to the said defendant from. Juneau, Alaska, while he was in Seattle, state of Washington; that all the board and lodging sued for in this suit was furnished the said defendant at Juneau, Alaska.

"That the cause of action set forth in the complaint in cause No. 1081–A of this court is one of the many transactions, agreements, or contracts that took place between plaintiff and defendant upon false and fraudulent representations made by the defendant to this plaintiff to cheat, defraud, and swindle her out of her earnings, and the different amounts set forth in the different causes of action in this case are based upon the parting of this plaintiff with money and intrusting and turning the same over or loaning the same to the defendant herein upon false and fraudulent representations made by said defendant to this plaintiff; that all of said transactions in this

cause and in cause No. 1081-A form a series of transactions taking place between this plaintiff and the defendant, Cassies, based upon false and fraudulent representations made by the said defendant to this plaintiff, and all at Juneau, Alaska, and within the jurisdiction of this court, and that the said defendant is within the jurisdiction of this court for the purpose of trying to enforce one of the many fraudulent transactions which he induced this plaintiff to enter into covering the same period of time which plaintiff herein intrusted the money to the defendant that is set forth in the complaint in this cause."

As these allegations are in no way denied the court will have to assume, for the purpose of this motion only, that the same are true.

It cannot be gainsaid that a majority of the state courts, and with hardly a single exception all the federal courts, hold that a person who is in a given jurisdiction only for the purpose of attendance upon the court either as a suitor or witness, or even to consult his attorney about matters in the court, is protected against service of a summons on a cause of action which had accrued before his arrival in said jurisdiction.

The reasoning of those cases which accord the exemption to witnesses, not parties, is very persuasive. It proceeds upon the theory that, although inhabitants of one jurisdiction are not obliged to leave that jurisdiction to attend as witnesses in another jurisdiction, yet the interests of justice demand that they should be offered every encouragement to attend; that is, that no obstacle should be thrown in the way of their coming. The subjection to the liability of being sued in the strange jurisdiction would naturally deter them from coming.

The reasoning of those cases which accord the exemption to nonresident defendants is less cogent, and the reasoning of those cases which accord the exemption to nonresident plaintiffs does not come with very irresistible force.

As said by the court in the case of Wilson Sewing Machine Co. v. Wilson (C. C.) 22 Fed. 804:

"There is, perhaps, a reason why a plaintiff, who has voluntarily sought the aid and the protection of our courts, should not shrink from being subjected to their control, which does not apply to the condition of a defendant whose attendance is compulsory."

And the Supreme Court of Rhode Island, in Baldwin v. Emerson, 16 R. I. 304, on page 307, 15 Atl. 83, on page 84

(27 Am. St. Rep. 741), will not accord the exemption to a suitor, whether plaintiff or defendant, saying:

"The reasons assigned for the exemption of nonresident suitors from the service of a summons are that courts of justice ought to be open and accessible to suitors; that they ought to be permitted to approach and attend the courts in the prosecution of their claims and the making of their defenses without the fear of molestation or hindrance; that their attention ought not to be distracted from the prosecution or defense of the pending suit; that they might be deterred from prosecuting their just rights or making their just defenses to a suit by reason of their liability to suit in a foreign jurisdiction. While we concede the force of the reasons advanced for protecting nonresident witnesses from the service of a summons against them for the commencement of a suit, eundo, morando, et redeundo, we are not convinced of the sufficiency of the reasons assigned for the exemption of nonresident suitors from such process. We think it would rarely happen that the attention of a nonresident plaintiff or defendant would be so distracted by the mere service of a summons from the immediate business in hand in prosecuting or defending a pending suit that the interests of justice would suffer in consequence, or that the liability to such service would often deter them from prosecuting or defending their just claims or rights. The reasons assigned for the exemption would apply equally as well to resident as to nonresident suitors, and it has never been deemed necessary to exempt resident suitors from the service of a summons, so far as we have been able to find, except in the single state of Pennsylvania. We think these reasons are fanciful, rather than substantial."

See, also, Ellis v. De Garmo, 17 R. I. 715, 24 Atl. 579, 9 L. R. A. 560.

In Bishop v. Vose, 27 Conn. 1, it was held that one who came into the state as plaintiff to a suit was not exempt from summons in a civil action; the court saying:

"Had he been an inhabitant of Connecticut, his attendance in court would have given him no such immunity. Why should it any more because he comes here from another state? This would seem to be an additional reason why our citizens should be allowed to sue him here, and bring him to trial within our own jurisdiction. * * * From the first it has been the law, both common law and statute law, that a foreign citizen, if found here, whether here on business or pleasure or hastening through the state with railroad speed, is liable to be sued like any other person, and is not entitled to any personal or peculiar immunity. And we are at a loss to discover why our citizens should be obliged to go into a foreign jurisdiction in pursuit of their debtors, when those debtors are here and can be sued here, and can receive here that consideration which is meted out to all indiscriminately. But, as above noted, the doctrine

of this case is restricted to nonresident parties plaintiff." 42 L. R. A. (N. S.) page 1104, note.

Such also is the holding of the Missouri court (Baisley v. Baisley, 113 Mo. 544, 21 S. W. 29, 35 Am. St. Rep. 726), and of the Illinois court (Greer v. Young, 120 Ill. 184, 11 N. E. 167).

In Guynn v. McDaneld, 4 Idaho, 609, 43 Pac. 75 [95 Am. St. Rep. 158], the Idaho Supreme Court uses some very pertinent language. Says that court:

"Neither are we able to concur in the view of Judge Cooley, as expressed in Mitchell v. Circuit Judge, supra [53 Mich. 541, 19 N. W. 176], in support of the same rule, that 'public policy, the due administration of justice, and protection to parties and witnesses alike demand it.' Let us see. We will suppose that in a given case a creditor, resident of the state of Illinois, sues a debtor, citizen of the state of Idaho, in the courts of Idaho. The debtor, we will suppose, has a meritorious cause of action against the creditor; but it is of a character not permissible under the rules of practice to be litigated in the suit instituted by the creditor, and the debtor is presumably too poor to enter upon the assertion of his rights in a suit which would involve the expense of taking his witnesses from Idaho to Illinois, and supporting them there during what the wealthy creditor might make interminable litigation. Would not this be a palpable denial of justice? The nonresident has sued his debtor in a forum selected by himself wherein to enforce his claimed rights, but he will not submit to have the claims of his debtor adjudicated in the same forum. Why? Because, by compelling him to seek another forum, he thereby subjects him to conditions which simply amount to a defeat of his claims. If the courts of Idaho can, in the opinion of a litigant, protect his rights in one case, it would seem that they ought to be equally adequate in another. We are tardy in recognizing a rule which seems to us capable of being wrested to the infliction of such palpable injustice."

I have been unable to find any adjudication by our appellate court, nor by the Oregon court, on the question involved.

In the case of Pearce v. Sutherland, 3 Alaska, 302, Sutherland, a nonresident, had come into Alaska solely as a witness in the case of McFarland v. Alaska Perseverance Company, and the holding of the court is to no greater effect than that a witness is privileged. Judge Wickersham in said case cites the following:

Parker v. Hotchkiss, Fed. Cas. No. 10,739. In this case the exemption was accorded to a nonresident defendant. The court there held that to exempt or not to exempt was the privilege of the court, saying:

"It can be exercised or not in each particular case, as the purposes of substantial justice may * * * require. * * * The suitor or the witness from another jurisdiction may be relieved; he who is at home here amongst us, suffering no inconvenience from the service, may be refused his discharge."

Brooks v. Farwell (C. C.) 4 Fed. 166. Exemption accorded to a witness or party under process; the court saying:

"Having been brought into such foreign state by process of law, he cannot, while there, be called to answer in another action."

Larned v. Griffin (C. C.) 12 Fed. 590. It was from an arrest that exemption was accorded.

Wilson Sewing Machine Co. v. Wilson (C. C.) 22 Fed. 803. The exemption was accorded to a defendant suitor.

In Small v. Montgomery (C. C.) 23 Fed. 707, the exemption was accorded to a witness.

In Kinne v. Lant (C. C.) 68 Fed. 436, the exemption was accorded to a plaintiff suitor, and so also in Hale v. Wharton (C. C.) 73 Fed. 740, 741; but the court say in the latter case:

"This rule is buttressed with the high conception that, as courts are established for the ascertainment of the whole truth and the doing of exact justice, as far as human judgment can attain, in disputes between litigants, every extraneous influence which tends to interfere with or obstruct the trial for the attainment of this sublime end should be resisted by the ministers of justice to the last legitimate extremity in the exercise of judicial power. Hence, as 'one of the necessities of the administration of justice' (Person v. Grier, 66 N. Y. 124 [23 Am. Rep. 35]), the rule has come to be regarded as the privilege of the court, as affecting its dignity and authority, and rests, therefore, upon sound public policy. Parker v. Hotchkiss, supra."

From this language it would appear that the court considers that the reason of the rule is to be found in the fact that it is the duty of the court to see that justice is unhampered. The court goes on to say (73 Fed. 742):

"But, on principle, I am unable to perceive any distinction in the privilege, both of the suitor and the court, between a plaintiff and defendant, especially so when applied to the facts of this case. The Grand Avenue Hotel Company was a Missouri corporation, domiciled at Kansas City. The plaintiff, Wharton, was compelled to come into this jurisdiction to enforce his claim against the corporation. He had no choice as to the forum. Being both a suitor and a competent witness in the cause, he had to come here to properly protect his interests, in the judgment of his counsel. Nor are these plain-

tiffs in position to invoke any special equity predicated of mere case law. They are not even in the position of plaintiffs who 'found' the defendant by chance in the forum of their domicile. But they are citizens of the state of Illinois, who come out of their own home jurisdiction, under no necessity to do so, with full knowledge, through their attorneys, of the circumstances under which Wharton was in this jurisdiction, and instituted this suit, as if their purpose was to catch the defendant away from his home."

Thus it is seen that the circumstances in that particular case had something to do with the decision.

Morrow v. U. H. Dudley & Co. (D. C.) 144 Fed. 441. Plaintiff was a public officer, to wit, trustee in bankruptcy. Defendant appeared before him to make proof of a claim, whereupon he was sued by plaintiff. Here the summons might well be set aside on the ground of "using a public function to further private ends."

In Skinner v. Mounce, Co., Ltd., v. Waite (C. C.) 155 Fed. 828, on page 831, the exemption is accorded to a defendant, and the court says:

"Under some circumstances, at least, there would appear to be a material distinction between the right of exemption of one who of choice goes into a jurisdiction for the purpose of enforcing a claim and the right of one who is compelled to come into a foreign jurisdiction to protect himself against a claim which is being made upon him in a suit to which he is defendant."

Finding no adjudication of this point in the decisions of the Circuit Court of Appeals for the Ninth Circuit, nor in those of the Oregon Supreme Court, and confining the decision in 3 Alaska, 302, to the point actually decided in that case, to wit, that the exemption applies to a witness, and does not touch the question as to whether or not a plaintiff party is exempt, I think this court is free to have, express, and abide by its own opinion.

If plaintiff in this case recovers therein a judgment against defendant, and defendant in this case recovers, in No. 1081–A, a judgment against plaintiff in this case, it is quite probable that the two judgments could be set off, one against the other.

The question before the court, then, is this: Is a nonresident plaintiff in a suit in this court to foreclose a mortgage (in which said suit he is a necessary witness for himself), who comes into Alaska solely to prepare for and at-

tend the trial of said suit, exempt while here from the service of a summons in an action brought against him by the defendant in that suit, on an obligation previously created in Alaska, which obligation, if merged in a judgment, might be set off against any judgment which said plaintiff might recover in the suit which he came to Alaska to prosecute?

Our statute provides that the summons may be served "in all cases on [to] the defendant personally" (C. L. § 878), and "no natural person is subject to the jurisdiction of the District Court of the district unless he appear in the court, or be found within the district, or be a resident thereof, or have property therein; and in the last case only to the extent of such property at the time the jurisdiction attached" (C. L. § 1316).

Here evidently there are three classes provided for:

(1) Residents.

(2) Nonresidents having property within the district.

(3) Nonresidents who are found within the district, whether they have, or have not, property here.

It is true that the courts hold that a foreign corporation not doing business in a given jurisdiction and having no agency there is not found there within the meaning of the statutes, even though the president of the corporation may be traveling through the jurisdiction; but this is on account of the self-evident truth that the president "does not carry" the corporation around with him wherever he goes. Nor is it difficult to agree that one who is forced to come as a witness, or who voluntarily comes as a witness for others, is not found within the jurisdiction. Such a person is brought within the jurisdiction—either brought by the power of a court's subpœna, or impelled voluntarily to come in the interest of a judicial proceeding. In either event it would seem that the court should see that he does not suffer by reason of coming. But the same reasons do not obtain, and no good reason obtains, why the plaintiff suitor should be so exempt. He comes voluntarily—not necessarily to aid justice, but to benefit himself. He cannot separate himself from himself; a president may not carry his corporation with him, but an individual cannot go anywhere without carrying himself. Therefore, wherever a person is found as plaintiff suitor, there that person is found individually.

The conditions prevailing in Alaska are those of the ordinary new country on the eve of development. It cannot be denied that a considerable proportion of the inhabitants of the district are shifting and migratory; the personnel of the population is ever changing. Some are here to stay for all time; some stay for a year, and some for a month; some depart never to return; and of others the absence is only temporary. There is less of that fixity, that permanency, of residence which obtains in other communities. Business and social relations are easily formed, and obligations entered into quite often without that long acquaintance and careful circumspection which in "the States" usually obtains in such matters. Here more often, I think, than elsewhere, there is not the assurance that to-morrow the obligor of to-day may not have departed for other scenes and other climes. Men come and go quickly, and oftentimes without notice to others or preparation by themselves; life here moves not on leaden feet. This is the last of the frontier, and here, as has happened in other frontier countries, the obligor quite often has to be caught "on the wing" or not caught at all. The rule contended for is supposed to be in the interest of justice, but what could be more unjust than to allow a person to sue in an Alaska court on an obligation arising in Alaska, and yet deny to the person sued the right to bring an action in that very court in which he is sued, and on a cause of action likewise arising in Alaska against the person suing him. It is no answer to say, as was said in one of the reported cases, that the defendant "should set up his cause in a cross-action or counterclaim in that very suit," because quite often, the nature of defendant's demand is such that it is not a proper subject of counterclaim or cross-complaint, and cannot be set up in the original suit. And then, too, sometimes defendant's demand may be so set up; in an action at law on a contract, a cause of action arising on another contract may be pleaded as a counterclaim. If a nonresident sues a resident on a promissory note for $500 made in Alaska on February 1, 1914, and comes to Alaska before the issues are made up to consult his attorney and prepare for trial, may not the resident defendant plead as a counterclaim a note for $600 given him in Seattle by the nonresident on January 1, 1914, and may he not recover a judgment for the excess

$100? Can it be successfully contended that the counterclaim will be disallowed simply because the nonresident plaintiff has come to Alaska solely to consult his attorney and prepare for the trial. Both reason and authority answer in the negative. What consideration, then, of the dignity of the court, or of the sanctity of judicial proceedings, or of the interests of justice, or the convenience of witnesses, or of the right to be sued only in the jurisdiction of one's residence—what logic; what consistency—would allow the resident plaintiff's action to be maintained, provided he calls that action a counterclaim, and yet frown upon it if it is called an independent action? Is not the principle the same in both cases? Is not a counterclaim a new action, in all respects, except that a paper called a summons need not be issued or served?

Whether to exempt or not to exempt is not a matter of substantive law; neither suitor nor witness has any constitutional or natural right of exemption. Our statute makes no exemption for him. To exempt or not to exempt seems to be the privilege of the court. As said in Parker v. Hotchkiss, supra:

"It can be exercised or not in each particular case, as the purposes of substantial justice may * * * require."

No one is forced to accept an obligation from another. A plaintiff suitor is not "haled" into court. In this case, for instance, he comes of his own accord to enforce an obligation voluntarily accepted by him. Under the circumstances shown in this case, he ought not to be heard to complain if the defendant whom he sues demurs to the proposal that she shall be made to pay to the last farthing, while the plaintiff shall escape scot-free from what he owes to her.

In the absence of any authoritative statute, decision, or reasoning which impels to the contrary, this court will follow the course laid down in Guynn v. McDaneld, 4 Idaho, 605, 43 Pac. 74, 95 Am. St. Rep. 158, and broadly hinted at in Page v. Randall, 6 Cal. 32.

The motion to quash is denied.