## UNITED NATIONS v. ADLER et al.

United States District Court,
S. D. New York.

May 18, 1950.

Alfonse F. Spiegel, New York City, attorney for defendant and third-party plaintiff.

Burlingham, Veeder, Clark & Hupper, New York City (Benjamin E. Haller, New York City, of counsel), attorneys for third-party defendant appearing specially.

MEDINA, District Judge.

John A. McKee, the third-party defendant herein, moves for an order vacating the purported service of the summons and third-party complaint upon him. The ground urged in support of the motion is that the process was served upon McKee while he was voluntarily within this jurisdiction for the sole purpose of attending upon and testifying at the trial in another action, and that he was, accordingly, immune from service of process.

McKee, a resident of Louisiana, was agent for the United Nations Relief and Rehabilitation Administration, hereinafter referred to as UNRRA, and as UNRRA's agent offered certain bales of cotton for sale. Benjamin Adler made an offer to purchase the cotton and gave McKee a $10,000 deposit on the purchase price. McKee thereafter attempted to accept the offer on behalf of UNRRA. Meanwhile Adler had attempted to withdraw the offer, claiming that the cotton had been misrepresented to him by McKee. UNRRA, through McKee, refused to relieve Adler of his offer, or to return the $10,000 deposit, and demanded that Adler perform.

Two lawsuits resulted. In the first, Adler sued McKee for the return of the $10,000 deposit. The action was commenced in the Supreme Court, New York County, and removed to this Court.

The second action was brought by the United Nations, as assignee of UNRRA,

against Adler for breach of contract. In this action, Judge Coxe granted an order directing that a third-party summons and complaint be served upon McKee on Adler's claim for judgment over against McKee should Adler be held liable to the United Nations. The summons and third-party complaint were served upon McKee on January 25, 1950. He had entered the jurisdiction on January 23, 1950 in order to attend upon and testify in the first action, Adler v. McKee. That action was still being tried when McKee was served by the Marshal in the corridor of the courthouse. It is this service that is here challenged. Adler opposes the motion to vacate on the ground that the immunity afforded to non-resident witnesses should not be granted because of the close relationship between the two cases.

■ The rationale justifying the immunity claimed here is well stated in Lamb v. Schmitt, 1932, 285 U.S. 222, at page 225, 52 S.Ct. 317, 318, 76 L.Ed. 720, where it is said: "* * * it proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation * * *." Cf. Dwelle v. Allen, D.C.S.D.N.Y. 1912, 193 F. 546, 548. This rule finds its rationale in a practical desire to facilitate judicial administration in particular cases. Because of the immunity, parties and witnesses who reside outside the jurisdiction and whose presence cannot be compelled are encouraged to appear voluntarily to assist the court in the proper resolution of the issues before it. It is in this sense that it is said in Lamb v. Schmitt, supra, 285 U.S. at page 225, 52 S.Ct. at page 318:

"The privilege which is asserted here is the privilege of the court, rather than of the defendant. It is founded in the neces-

sities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify."

■ Because the immunity is, in this sense, a "privilege of the court" it will not be granted as of right to a claimant thereof if to do so would obstruct judicial administration of the very cause for the protection of which the immunity is invoked. Thus in Lamb v. Schmitt, supra, immunity was denied where it was claimed by a non-resident attorney who was within the jurisdiction in order to appear for his client in a proceeding against her to impress a trust on certain property. His client had transferred some of that property to him, and he in turn was served with process in a proceeding against him to impress a trust on the property he had received from his client. To have granted the immunity in the proceeding against the attorney would have effectively obstructed the proceeding against his client. Since the immunity was intended to facilitate judicial proceedings in the action against his client such immunity was denied.

■ No such situation exists here. The proceeding which the immunity was designed to facilitate, Adler v. McKee, is in no way obstructed by granting it. Indeed that proceeding was undoubtedly greatly facilitated since McKee, relying on the immunity, appeared and testified therein. It is the second proceeding, if any, that Adler claims will be facilitated. To hold that such aid to the court in the second proceeding is sufficient to deny the immunity would be to deny it in every case and in effect abolish this type of immunity in its entirety.

Nevertheless, Lamb v. Schmitt, supra, does indicate that the claimed immunity should be denied when, upon a balancing of the various factors involved, it is found that to grant it would, on the whole, impair the just and proper administration of

442

justice. The facts here do not justify any such inference.

True it is that some courts have denied the immunity where the two cases have involved similar or substantially similar issues as part of the same general controversy; but this has been done only where the person claiming immunity was the plaintiff in the first action, sometimes on the theory that a plaintiff needs no inducement to appear in the action he has commenced other than the judgment he seeks, see Guynn v. McDaneld, 1895, 4 Idaho 605, 610, 43 P. 74, 75, 95 Am.St.Rep. 158; Baldwin v. Emerson, 1888, 16 R.I. 304, 15 A. 83, 27 Am.St. Rep. 741; or in the interest of trial convenience, see Parmentier v. Cassies, 1914, 5 Alaska 83; Tiedemann v. Tiedemann, 1913, 35 Nev. 259, 129, P. 313; of because full justice could not be done in the first action and would be denied to the resident defendants therein should they seek to assert their rights against the non-resident plaintiff in the courts of the latter's residence. See, e. g., Livengood v. Ball, 1917, 63 Okl. 93, 162 P. 768, L.R.A. 1917C, 905. And even where the non-resident involved is the plaintiff in the first action, the majority view seems to adhere to the normal rule. See, e. g., Page Co. v. MacDonald, 1923, 261 U.S. 446, 43 S.Ct. 416, 67 L.Ed. 737; Peet v. Fowler, D.C.E.D.Pa. 1909, 170 F. 618; Minnich v. Packard, 1908, 42 Ind.App. 371, 85 N.E. 787; Diamond v. Earle, 1914, 217 Mass. 499, 105 N.E. 363, 51 L.R.A.,N.S., 1178, Ann.Cas.1915D, 984; Petrova v. Roberts, 2d Dept. 1926, 216 App. Div. 814, 216 N.Y.S. 897, affirmed without opinion 1927, 245 N.Y. 518, 157 N.E. 841; Fisk v. Westover, 1893, 4 S.D. 233, 55 N.W. 961, 46 Am.St.Rep. 780; In re Healey, 1881, 53 Vt. 694, 38 Am.Rep. 713; see Sofge v. Lowe, 1915, 131 Tenn. 626. 176 S.W. 106, L.R.A.1916A, 734.

But we have no such situation here as McKee was the defendant in the first action, not the plaintiff. Nor do the facts here even remotely resemble those in Lamb v. Schmitt, supra.

The motion is granted. Settle order on notice.